**ORIGINAL**

1 | Michael L. Kirby (50895)
mkirby@knlh.com

2 | Malcolm B. Roberts (242431)
mroberts@knlh.com

3 | **KIRBY NOONAN LANCE & HOGE LLP**
600 West Broadway, Suite 1100

4 | San Diego, California 92101-3387
Telephone (619) 231-8666

5 | Facsimile (619) 231-9593

6 | Attorneys for Defendant GEMCO, INC.

7

FILED

07 DEC 21 PM 12: 21

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | BOND LABORATORIES, INC., a
California corporation,

12 |          Plaintiff,

13 | vs.

14

15 | GEMCO, INC., a New Jersey corporation,
and DOES 1-10, inclusive,

16 |          Defendant.

17

CASE NO. **'07 CV 2400 IEG NLS**

**GEMCO, INC.'S NOTICE OF
REMOVAL OF ACTION TO FEDERAL
COURT PURSUANT TO 28 U.S.C. §
1441(b) (DIVERSITY)**

18 |     TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

19 | SOUTHERN DISTRICT OF CALIFORNIA:

20 |     PLEASE TAKE NOTICE that Defendant Gemco, Inc. ("Gemco") hereby removes to

21 | this Court that case number 37-2007-00073124-CL-BC-CTL, currently pending before the

22 | Superior Court of the State of California, County of San Diego (the "State Court Action"),

23 | pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b). This Court has original jurisdiction over

24 | this suit based on diversity of citizenship. 28 U.S.C. § 1332.

25 | <u>The Complaint</u>

26 |     1.    On or about August 15, 2007, Plaintiff Bond Laboratories, Inc. ("Plaintiff")

27 | filed its Complaint in the State Court Action against Defendant Gemco. A copy of the

28 | Complaint is attached hereto as Exhibit A (the "Complaint").

KNLH\502654.1

- 1 -

GEMCO, INC.'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT PURSUANT TO
28 USC SECTION 1441(b)

2.    Issues arose regarding service of the Complaint.  Plaintiff and Gemco met and conferred concerning these issues and agreed on the date of service of the Complaint.  Plaintiff and Defendant agreed that Service of the Summons and Complaint on Gemco would occur when Gemco's counsel, Michael L. Kirby signed a written stipulation.  A copy of the signed Stipulation regarding service of process is attached hereto as Exhibit B (the "Stipulation").  Michael L. Kirby signed the Stipulation on December 11, 2007.  Gemco agreed to file and serve its initial responsive pleading to the State Court Action by Friday, December 21, 2007.

3.    The Complaint alleges causes of action for breach of contract and breach of implied covenant of good faith and fair dealing.

## Diversity Jurisdiction

4.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 making this action removable under 28 U.S.C. § 1441.  Complete diversity exists between Plaintiff and Defendant Gemco.

a.    Plaintiff alleges that it is a corporation organized under the laws of California with its principal place of business in San Diego, California. Complaint, ¶ 1.  Defendant believes Plaintiff may be a Nevada corporation, but diversity of citizenship would exist with either a California or Nevada corporation as Plaintiff.

b.    Gemco is a corporation organized under the laws of the State of New Jersey with its principal place of business in Middlesex, New Jersey.  Complaint, ¶ 2.

5.    The Complaint alleges damages of at least $75,756.00, an amount which exceeds $75,000, exclusive of interests and costs. *See. e.g.,*  Complaint, ¶¶ 24, 30, 34, and Prayer at page 7, lines 4-8.

## Satisfaction of Procedural Requirements

6.    Pursuant to the signed Stipulation between Plaintiff and Defendant, the Complaint was served on Gemco on December 11, 2007 (*see* Exhibit B).  This Notice of Removal therefore is timely because it is filed within thirty (30) days of that date as required by 28 U.S.C. 1446(b).

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

KNLH\502654.1

- 2 -

GEMCO, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 USC SECTION 1441(b)

7.    Removal to the United States District Court for the Southern District of California is proper under 28 U.S.C. § 1441 because the Complaint was filed in the California Superior Court, San Diego County.

8.    A copy of this Notice of Removal will be filed with the clerk of the California Superior Court, San Diego County, and served upon all adverse parties as required by 28 U.S.C. § 1446(d).  Further, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in this action in addition to the Complaint (attached as Exhibit A) and Stipulation (attached as Exhibit B) are attached hereto as Exhibit C.

WHEREFORE, Gemco gives notice that this case has been removed from the California Superior Court, San Diego County, to this Court.


DATED: December 21, 2007                KIRBY NOONAN LANCE & HOGE LLP


                                        By: _____
                                            Michael L. Kirby
                                            Malcolm B. Roberts
                                            Attorneys for Defendant GEMCO, INC.

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

KNLH\502654.1

- 3 -    GEMCO, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 USC SECTION 1441(b)

**EXHIBIT A**

CIVIL BUSINESS OFFICE 1
CENTRAL DIVISION

2007 AUG 15   PH 3: 30

CLERK OF THE CLERK COURT
SAN DIEGO COUNTY, CA

1  Micha Danzig (177923)
   Juan C. Castañeda (240705)
2  Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
   9255 Towne Centre Drive, Suite 600
3  San Diego, CA  92121
   858-320-3000 - phone
4  858-320-3001 - facsimile

5  Attorneys for Plaintiff,
   BOND LABORATORIES, INC.

6

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               IN AND FOR THE COUNTY OF SAN DIEGO

9

10  BOND LABORATORIES, INC., a California        Case No.   37-2007-00073124-CL-BC-CTL
    corporation,
11
                            Plaintiff,           COMPLAINT FOR:
12
            v.                                   1)  Breach of Contract;
13                                               2)  Breach of Implied Covenant of Good
    GEMCO, INC., a New Jersey corporation, and       Faith and Fair Dealing.
14  DOES 1-10, inclusive,
                                                 JURY TRIAL DEMANDED
15                                               (Amount Exceeds $10,000.00)
                            Defendants.
16

17

18      Plaintiff BOND LABORATORIES, INC. complains and alleges as follows:

19                              **PARTIES**

20      1.      Plaintiff Bond Laboratories, Inc. ("Bond Laboratories") is a corporation, organized

21  under the laws of the State of California, and at all relevant times was qualified to do business in

22  California, with its principal place of business in San Diego, California.

23      2.      Plaintiff is informed and believes and thereon alleges that Defendant, Gemco is a

24  corporation, organized under the laws of the State of New Jersey, and at all relevant times was

25  qualified to do business in California, with its principal place of business in Middlesex, New Jersey.

26      3.      The true names and capacities of Defendants named as DOES 1 through 10,

27  inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who sues

28  these Defendants by fictitious names under California Code of Civil Procedure Section 474.

                                    1
                            CIVIL COMPLAINT

                                                        Exhibit A
                                                        Page 1

1   Plaintiff will amend the Complaint to show their true names and capacities when they have been

2   determined.

3       4.      Plaintiff is informed and believes, and on that basis alleges, that each of Defendants

4   was at all relevant times the agent, employee, or representative of the remaining Defendants, and

5   was acting, at least in part, within the scope of that relationship.

6                   FACTS COMMON TO ALL CAUSES OF ACTION

7       5.      Bond Laboratories hereby refers to and incorporates by reference each and every

8   allegation contained in each paragraph above, as though fully set forth herein.

9       6.      Bond Laboratories is a "start up" nutraceutical products company.

10      7.      Bond Laboratories planned to begin the manufacture of its nutraceutical products by

11  late December 2006 and the distribution of its nutraceutical products at the start of 2007. In order to

12  accomplish this, Bond Laboratories sought to acquire a high quality industrial Blender. Based on

13  the advertising set forth on Gemco's website, Bond Laboratories was led to believe that Gemco

14  manufactured such a blender. To that effect, Bond Laboratories contacted a California sales

15  representative for Gemco, Steve Lutes ("Mr. Lutes").

16      8.      During the course of reviewing Gemco's product line, Bond Laboratories

17  representatives had a number of meetings with Mr. Lutes in San Diego County, California. During

18  these meetings, Mr. Lutes repeatedly assured Bond Laboratories that Gemco would timely deliver a

19  high quality Blender that would meet all of Bond Laboratories' manufacturing needs.

20      9.      Moreover, Mr. Lutes was fully apprised in these discussions of Bond Laboratories'

21  needs and its plans for this Blender. Mr. Lutes knew that Bond Laboratories was only going to be

22  able to begin manufacturing its nutraceutical products after it received from Gemco a fully

23  functional Blender that met promised specifications.

24      10.     Mr. Lutes also knew that Bond Laboratories was going to be delayed in going to

25  market with its products until it received from Gemco the promised Blender. Mr. Lutes also knew,

26  based on the specifications for the Blender Gemco promised to deliver to Bond Laboratories, that

27  Bond Laboratories was acquiring other manufacturing equipment that would be useless to Bond

28

                                    2
                              CIVIL COMPLAINT

1  Laboratories without the Gemco Blender. As a result, Mr. Lutes was well informed of all the

2  damages Bond Laboratories would incur if Gemco delivered a defective Blender.

3      11.    Based on its meeting with Mr. Lutes, on or about August 17, 2006, Bond

4  Laboratories placed a purchase order in the amount of $75,756 with Gemco for a Liquid-Solids

5  Agitator Model Direct-Drive Portable Blender ("Blender").

6      12.    On or about December 20, 2006, Gemco delivered the Blender to Bond Laboratories.

7  Unfortunately, Gemco delivered a defective Blender. The Blender was not, however, simply

8  defective. It was inoperable and defective in multiple respects. As was determined in the ensuing

9  month, the Blender breakers, Blender timer, agitator timer and agitator bar were all either not

10  functioning at all or could not function properly.

11      13.    In remedying the problems, Bond Laboratories confirmed that there were no errors in

12  its operation of the Blender. To that effect, Bond Laboratories engaged an industry consultant for a

13  day to confirm that the problem with the Blender was not based on operator error. The industry

14  consultant confirmed that the problems were with the Blender.

15      14.    In an attempt to promptly address the material defects in the Blender, on or about

16  January 28, 2007, Bond Laboratories contacted a Gemco electrician. The Gemco electrician

17  concluded that the breakers installed in the Blender were not correct and subsequently mailed a new

18  set of breakers to Bond Laboratories. This fix was supposed to take two weeks to complete,

19  however after the installation of the new breakers, the Blender was still inoperable.

20      15.    After trying for two more weeks to get the Blender to work (after it was supposed to

21  be fixed by the new breakers), Bond Laboratories contacted Gemco's local sales representative,

22  Steve Lutes, to see if he could remedy the problem. He could not. In fact, as late as the last week in

23  March 2007, Mr. Lutes again confirmed that Gemco could still not repair the Blender and that it

24  was uncertain when the blender could be operational.

25      16.    Despite repeated correspondence from Bond Laboratories to Gemco regarding the

26  multiple and material defects in the Blender, Gemco only offered to keep trying to repair the

27  Blender. However, Gemco's bare bones attempts to repair the Blender were unsuccessful.

28

3
CIVIL COMPLAINT

17.    By the time Bond Laboratories confirmed that its efforts to get Gemco to deliver the product it had promised were for naught, it had already lost over three months of production, sales and market exposure and was still in possession of a Blender that was materially defective.

18.    After Bond Laboratories' efforts to get Gemco to promptly repair the problem went unrequited, Bond Laboratories had to explore reasonable alternatives to mitigate its ongoing damages caused by the defective Blender. Since obtaining a replacement Blender from an alternate manufacturer would have required Bond Laboratories to incur another five month delay in the manufacture and sale of its products, Bond Laboratories elected to mitigate its, by then considerable damages, by entering into a contract with a third party manufacturer to manufacture (and blend) its nutraceutical products.

19.    To this date, Gemco has refused to refund Bond Laboratories its money or provide it with a return authorization based upon the claim that the "warranty" to repair or replace the Blender provided in Gemco's "terms and conditions" constitutes the only remedy available to Bond Laboratories under these circumstances. However, such a warranty, as a matter of law, can not be the only remedy available to Bond Laboratories since it fails of its essential purpose by allowing Gemco to provide a wholly and materially defective product while placing Bond Laboratories at the mercy of Gemco's prolonged and unsuccessful repairs requiring Bond Laboratories to incur continued damages to business and it allows Gemco to frustrate the communicated intent of the parties in entering into the purchase agreement for the Blender.

FIRST CAUSE OF ACTION

(Breach of Contract)

20.    Bond Laboratories hereby refers to and incorporates by reference each and every allegation contained in each paragraph above, as though fully set forth herein.

21.    Bond Laboratories placed a purchase order with Gemco in the amount of $75,756.00 for a Blender. The purchase order constituted a valid and binding contract between Bond Laboratories and Gemco.

22.    Bond Laboratories upheld its obligations under the purchase order by paying Gemco $75,756, and satisfied all of the conditions of the purchase order.

4

CIVIL COMPLAINT

23.  Despite its contractual obligations to Bond Laboratories, Gemco breached the purchase order by failing to provide a functioning Blender to Bond Laboratories and instead providing Bond Laboratories with a materially and wholly defective Blender.

24.  As a result of Gemco's breach of contract, Bond Laboratories has been damaged and is entitled to recover compensatory, incidental and consequential damages in an amount to be determined at trial.  In particular, Bond Laboratories paid Gemco $75,756.00 for the completely defective Blender.  Further, Gemco's actions in breaching the purchase order deprived Bond Laboratories of effective, committed product development during the time that Bond Laboratories waited for a fully functional Blender that met promised specifications.  In effect, Gemco's breach of contract delayed Bond Laboratories from going to market with its products for a period of several months.  Moreover, Bond Laboratories invested significant company resources and money into acquiring other manufacturing equipment that would be useless to Bond Laboratories without the Gemco Blender.

## SECOND CAUSE OF ACTION

### (Rescission)

25.  Bond Laboratories hereby refers to and incorporates by reference each and every allegation contained in each paragraph above, as though fully set forth herein.

26.  During the negotiation of the purchase order, Gemco's agent, Mr. Lutes made material misrepresentations and/or omissions to Bond Laboratories regarding the timeliness and quality of the Blender.

27.  Bond Laboratories believed they were purchasing a high quality Blender that would work and would allow it to promptly bring its products to market.

28.  As a result, Bond Laboratories placed a purchase order for a Blender with Gemco and provided consideration in the amount of $75,756.  Gemco responded by providing a completely and wholly defective Blender that deprived Bond of the entire benefit of the contract.

29.  Had Bond Laboratories known that Gemco was not going to provide a functioning Blender, it would have never agreed to the purchase order in the first instance.

30.    As a direct and proximate result of Gemco's failure to provide any consideration (by way of a working Blender) in support of the obligation under the contract for which Bond provided Gemco with $75,756.00, Bond Laboratories has been damaged in an amount according to proof at the time of trial. Bond Laboratories is thus entitled to rescission of the purchase order as a remedy for Gemco's failure to provide meaningful consideration.

THIRD CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing)

31.    Bond Laboratories hereby refers to and incorporates by reference each and every allegation contained in each paragraph above, as though fully set forth herein.

32.    The purchase order constituted a valid and binding contract between Bond Laboratories and Gemco.

33.    The purchase order contained implied covenants of good faith and fair dealing that required Gemco to provide services to Bond Laboratories, in good faith. The covenants of good faith and fair dealing required Gemco to fairly, honestly, and reasonably perform the terms and conditions of the purchase order.

34.    Bond Laboratories expended enormous time, energy and resources in 2006 and 2007 to develop its products using the Gemco Blender. Bond Laboratories had a reasonable expectation that, in return for $75,756.00, Gemco would be honest and fair in providing a working Blender.

35.    Bond Laboratories is informed and believes, and on that basis alleges, that Gemco breached the terms of the purchase order without good or sufficient cause by delivering a defective Blender. As a result, Gemco breached its implied duties of good faith and fair dealing.

36.    As a result of Gemco's breach of the implied covenants of good faith and fair dealing, Bond Laboratories has been damaged and is entitled to recover compensatory damages in an amount to be determined at trial.

///

///

///

///

6

CIVIL COMPLAINT

Exhibit A

Page 6

/// 1

## PRAYER FOR RELIEF

WHEREFORE, Bond Laboratories prays for judgment against Gemco as follows:

1.    For all actual, consequential, and incidental losses and damages, according to proof;

2.    For rescission of the purchase order;

3.    For pre-judgment and post-judgment interest;

4.    For costs of suit incurred herein;

5.    For such other and further relief as the Court may deem appropriate.


DATED:  August 15, 2007

MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO, P.C.


By:  _____
     Micha Danzig
     Juan C. Castañeda
     Attorneys for Plaintiff,
     BOND LABORATORIES, INC.

4086002v.1

7

CIVIL COMPLAINT

Exhibit A

Page 7

1
2
3
4
5
6
7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **FOR THE COUNTY OF SAN DIEGO**

10

11  | BOND LABORATORIES, INC., a | CASE NO. 37-2007-00073124-CL-BC-CTL |

    California corporation,,

12                                              **STIPULATION [AND PROPOSED**
            Plaintiff,                          **ORDER] REGARDING SERVICE OF**
13                                              **PROCESS**

        vs.
14                                              JUDGE: Hon. John S. Meyer
    GEMCO, INC., a New Jersey corporation,       DEPT:  61
15  and DOES 1-10, inclusive,,

16          Defendant.

17

18          WHEREAS, Plaintiff Bond Laboratories, Inc. caused to be filed the Complaint in the

19  instant action against Gemco, Inc. ("Gemco") and Does 1-10 on August 15, 2007;

20          WHEREAS, Plaintiff personally served the Complaint on the person it understood was

21  the agent for service of process for Gemco, John L. Muench III at Gemco's Headquarters at

22  301 Smalley Avenue, Middlesex, NJ 08846 on September 27, 2007;

23          WHEREAS, Gemco's response to the Complaint was due on October 29, 2007 and as

24  of the due date, no response was filed with the Court or served on Plaintiff;

25          WHEREAS, Plaintiff was recently informed by counsel for Gemco that issues exist

26  regarding service of the Complaint, that John L. Muench III has stated he was in Florida on

27  the date service was alleged to have been effected on him in New Jersey, and the location of

28  the proper forum for this dispute have arisen;

KNLH\502448.2
                                        1

1    WHEREAS, Plaintiff and Defendants have met and conferred concerning these issues

2  and agreed on the date of service of the Complaint and a corresponding due date for the

3  response;

4    NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between Plaintiff and

5  Defendant, through their respective attorney of records as follows:

6    1. Service of the Summons and Complaint on Gemco shall be deemed to occur on the

7  date counsel for Gemco, Michael Kirby Esq., signs this Stipulation;

8    2. Counsel for Gemco will sign this Stipulation upon immediate receipt of it;

9    3. Gemco has agreed to file and serve its responsive pleading by Friday, December 21,

10  2007;

11    4. Gemco does not waive its right to assert that the parties are subject to a binding

12  arbitration agreement, nor waive its right to assert that such arbitration must be conducted in

13  New Jersey, and Plaintiff does not waive its right to contest Gemco's assertions.

14  DATED: December 11, 2007          MINTZ LEVIN COHN FERRIS GLOVSKY AND
                                      POPEO PC
15

16
                                   By: _____
17                                     Micha Danzig
                                       Attorneys for Plaintiff
18                                     BOND LABORATORIES, INC.

19  DATED: December 11, 2007          KIRBY NOONAN LANCE & HOGE LLP

20
                                   By: _____
21                                     Michael L. Kirby
                                       Attorneys for Defendant
22                                     GEMCO, INC.

23  IT IS SO ORDERED:

24

25  DATED:                           By: _____
                                       Hon. John Meyer
26                                     JUDGE OF THE SUPERIOR COURT

27

28

KNLH\502448.2
                                      2
STIPULATION [AND PROPOSED ORDER] REGARDING SERVICE OF PROCESS

Exhibit B
Page 9

1

## **PROOF OF SERVICE**

2

<u>Bond Laboratories, Inc. v. GemCo</u>

3  San Diego Superior Court Case No. 37-2007-00073124-CL-BC-CTL

4     I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the

5  action; and I am employed in the County of San Diego, California.  My business address is 600 West Broadway, Suite 1100, San Diego, California 92101-3387.

6

    On December 14, 2007, at San Diego, California, I served the following

7  document(s) described as **STIPULATION [AND PROPOSED ORDER] REGARDING SERVICE OF PROCESS** on the parties in said action by placing a true copy thereof

8  in a separate sealed envelope for each addressee named hereafter, addressed to each such addressee respectively, which reflects the address last given by each such

9  addressee on any document filed in the action and served on this office.

10

Micha Danzig (177923)                    Attorneys for Plaintiff Bond Laboratories,

11  Juan C. Castañeda (240705)               Inc.
    Mintz Levin Cohn Ferris Glovensky &

12      Popeo, PC
    9255 Towne Centre Drive, Suite 600

13  San Diego, CA  92121
    Telephone: 858-320-3000

14  Facsimile: 858-320-3001

15

16  ☒    **BY MAIL:**  I am readily familiar with our business practice for collecting, processing and mailing correspondence and pleadings with the United States

17     Postal Service.  Such correspondence and pleadings are deposited with the United States Postal Service on the same day that they are placed for mailing

18     in the ordinary course of business.  I sealed each envelope and, with the postage thereon fully prepaid, placed it for mailing in accord with our business'

19     practice. (C.C.P. § 1013(a) and (b))

20  ☒    **STATE COURT:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22     Executed on December 14, 2007, at San Diego, California.

23

24     _____
       Lorri Ann Taylor

25

26

27

28

Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100 San Diego, California 92101-3387

**EXHIBIT C**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GEMCO, INC, a New Jersey corporation, and DOES 1-10, inclusive

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |
| CENTRAL |
| 2007 AUG 15 PM 3: 25 |
| SAN DIEGO COUNTY, CA |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BOND LABORATORIES, INC., a California corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
| --- | --- |
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Diego Superior Court 330 West Broadway San Diego, CA 92101 | CASE NUMBER: *(Número del Caso)* 37-2007-00073124-CL-BC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Micha Danzig, Esq., Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.    858.320.3000
9255 Towne Centre Drive, Suite 600, San Diego, CA 92121

| | | | |
| --- | --- | --- | --- |
| DATE: *(Fecha)* AUG 1 5 2007 | Clerk, by *(Secretario)* R. Vela | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Gemco, Inc.

    under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
| --- | --- | --- |
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 (Rev. January 1, 2004) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 American LegalNet, Inc. www.USCourtForms.com |

Exhibit C
Page 11

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 685-6056

PLAINTIFF(S) / PETITIONER(S):   Boond Laboratories Inc

DEFENDANT(S) / RESPONDENT(S):   Gemco Inc

BOOND LABORATORIES INC VS. GEMCO INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2007-00073124-CL-BC-CTL |
|---|---|

Judge:  John S. Meyer                                      Department:  C-61

COMPLAINT/PETITION FILED: 08/15/2007

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)

**NOTICE OF CASE ASSIGNMENT**

Page: 1

Exhibit C
Page 12

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00073124-CL-BC-CTL    CASE TITLE: Boond Laboratories Inc vs. Gemco Inc

## <u>NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE</u>

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS :

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

Exhibit C
Page 13

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:  330 West Broadway<br>MAILING ADDRESS:  330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME:  Central | |
| PLAINTIFF(S):  Boond Laboratories Inc | |
| DEFENDANT(B): Gemco Inc | |
| SHORT TITLE:  BOOND LABORATORIES INC VS. GEMCO INC | |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS**<br>**(CRC 3.221)** | CASE NUMBER:<br>37-2007-00073124-CL-BC-CTL |
|---|---|

Judge: John S. Meyer                                            Department: C-61

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Other (specify): _____

- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____           Date: _____

_____           _____
Name of Plaintiff                            Name of Defendant

_____           _____
Signature                                 Signature

_____           _____
Name of Plaintiff's Attorney                Name of Defendant's Attorney

_____           _____
Signature                                 Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

*IT IS SO ORDERED.*

Dated: 08/15/2007           _____

                                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

3

Exhibit C
Page 15

**Kirby Noonan Lance & Hoge LLP**
600 West Broadway, Suite 1100 San Diego, California 92101-3387

1    **PROOF OF SERVICE**

2    United States District Court Case No.

3

4    I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 600 West Broadway, Suite 1100, San Diego, California 92101-3387.

5

6    On December 21, 2007, at San Diego, California, I served the following document(s) described as **GEMCO, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(B) (DIVERSITY)** on the parties in said action by placing a true copy thereof in a separate sealed envelope for each addressee named hereafter, addressed to each such addressee respectively as stated on the attached service list, which reflects the address last given by each such addressee on any document filed in the action and served on this office.

7

8

9

10   Micha Danzig (177923)                          Attorneys for Plaintiff Bond Laboratories,
     Juan C. Castañeda (240705)                     Inc.

11   Mintz Levin Cohn Ferris Glovensky &
         Popeo, PC

12   9255 Towne Centre Drive, Suite 600
     San Diego, CA 92121

13   Telephone: 858-320-3000
     Facsimile: 858-320-3001

14

15

16   ☒    **BY MAIL:** I am readily familiar with our business practice for collecting, processing and mailing correspondence and pleadings with the United States Postal Service. Such correspondence and pleadings are deposited with the United States Postal Service on the same day that they are placed for mailing in the ordinary course of business. I sealed each envelope and, with the postage thereon fully prepaid, placed it for mailing in accord with our business' practice. (C.C.P. § 1013(a) and (b))

17

18

19   ☒    **FEDERAL COURT:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

20

21   Executed on December 21, 2007, at San Diego, California.

22

23

24                                           LORRI ANN TAYLOR

25

26

27

28

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 145825    — BH

December 21, 2007
12:28:01

**Civ Fil Non-Pris**
USAO #.: 07CV2400 CIVIL FILING
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC# 79403

Total—>  $350.00

FROM: CIVIL FILING
      BOND CORP. V. GEMCO INC.

◆JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

07 CV 2400 IEG NLS

| | |
|---|---|
| **I. (a) PLAINTIFFS**<br>Bond Laboratories, Inc., a California corporation. | **DEFENDANTS**<br>Gemco, Inc, a New Jersey corporation, and DOES 1-10 '07 DEC 21 PM 12: 21 |
| **(b)** County of Residence of First Listed Plaintiff   San Diego<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant   Middlesex, New Jersey<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.<br>BY   DEPUTY |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Micha Danzig, Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 9255 Towne Centre Drive, Ste 600, San Diego, CA 92121; 858-320-3000 | Attorneys (If Known)<br>Michael L. Kirby, Esq./ Malcolm B. Roberts, Esq.<br>Kirby Noonan Lance & Hoge, LLP |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332, 1441, 1446(b)

Brief description of cause:
Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- **DEMAND $** 75,756.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE  12/21/07

SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

**FOR OFFICE USE ONLY**

RECEIPT # 145825   AMOUNT $350 12/21/07 BY   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____