# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| BOND LABORATORIES, INC., | CASE NO. 07CV2400 |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO COMPEL ARBITRATION OR DISMISS FOR IMPROPER VENUE |
| vs. | |
| GEMCO, INC., | [Doc. No. 2.] |
| Defendant. | |

Presently before the Court is defendant Gemco, Inc.'s motion to compel arbitration, or, in the alternative, to transfer for improper venue. For the following reasons, the motion is denied.

## BACKGROUND

Factual Background

This case arises out of plaintiff Bond Laboratories Inc.'s purchase of an industrial blender from defendant. The "Liquid-Solids Agitator Model Direct-Drive Portable Blender" cost $75,756 and was intended to be used by plaintiff in its start up "nutraceutical"[1] company. (Complaint ¶ 11.) Plaintiff placed a purchase order in August of 2006 and received the blender in December of 2006. (Id. ¶¶ 11-12.) Plaintiff alleges the blender was "inoperable and defective in multiple respects," including defects with the electrical breakers, timer, agitator timer, and agitator bar. (Id. ¶ 12.) Defendant mailed plaintiff a new set of breakers in January of 2007, but the blender

---

[1] Plaintiff's products include nutritional sports drinks.

allegedly remained inoperable. (Id. ¶ 14.) Unable to produce its nutraceutical products, plaintiff engaged a third-party manufacturer. (Id. ¶ 18.)

Procedural Background

Plaintiff filed suit in the Superior Court of the State of California on August 15, 2007. Defendant removed the action to this Court on December 21, 2007 based on the diversity of citizenship of the parties. (Doc. No. 1.) Plaintiff alleges breach of contract, seeks rescission of the contract, and claims breach of the implied covenant of good faith and fair dealing.

Defendant filed a motion to compel arbitration on January 3, 2008. (Doc. No. 2.) On February 11, 2008, plaintiff filed an opposition to the motion. (Doc. No. 3.) Defendant filed a reply on February 15, 2008. (Doc. No. 8.) The Court now finds the matter fully briefed and amenable to disposition without oral argument pursuant to Local Rule 7.1(d)(1).

## DISCUSSION

Legal Standard

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration agreements in contracts, such as the contract between the parties, involving interstate commerce. See 9 U.S.C. §§ 1-2; Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24-26 (1991). The FAA provides: "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or equity for the revocation of any contract." 9 U.S.C. § 2. In a suit proceeding in federal court, the court "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, . . . shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Id. § 4.

The Court must simply "determin[e] (1) whether a valid agreement to arbitrate exists, and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).

//
//
//

Analysis

Defendant argues the contract for sale of the blender contained an arbitration provision and thus plaintiff must arbitrate its claims. Attached to defendant's motion is a declaration by Alicia John, defendant's employee, stating she mailed defendant's terms and conditions to plaintiff on August 17, 2006. (John Declaration ¶ 6.) The terms and conditions included a provision requiring arbitration of any disputes in Middlesex, New Jersey. (Id. Ex. A ¶ 16.) Defendant correctly notes a presumption of receipt arises under California law when a letter is properly mailed. Cal. Evid. Code § 641. In this case, however, plaintiff's CEO, Scott Landow, filed a declaration stating the letter was never received. (Landow Decl. ¶ 20.) This evidence rebuts the presumption of receipt under California law. Bear Creek Master Assoc. v. Edwards, 130 Cal. App. 4th 1470, 1486 (2005) (noting presumption of receipt upon mailing disappears where met with contradictory evidence); Craig v. Brown & Root, Inc., 84 Cal. App. 4th 416, 421 (2000) (same).

Without a presumption of receipt, the Court must "weigh the denial of receipt against the inference of receipt arising from proof of mailing and decide whether or not the letter was received." Craig, 84 Cal. App. 4th at 422. According to John's declaration, the terms were mailed to a warehouse in Murietta, California on August 17, 2006. (John Decl. ¶ 6.) This was the delivery address for the blender, expected to ship in December of 2006. (Landow Decl. ¶ 17.) Plaintiff's lease on the Murietta warehouse did not begin until September of 2006, and plaintiff did not occupy or control the warehouse until approximately two weeks after the letter was mailed. (Id.) Plaintiff's mailing address, listed on its communications with defendant, was at its headquarters in Solana Beach, California. (Id. ¶¶ 6 & 14.)

Because plaintiff did not occupy the warehouse at the time the letter containing the terms was likely to arrive, the evidence plaintiff never received the letter is particularly strong.[2] Accordingly, the Court finds plaintiff did not receive the terms and conditions, including the arbitration provision, and thus they were not part of the contract for the blender between the

---

[2] Defendant argues this fact "is of no significance because it was impossible for Gemco to know when Bond's lease was scheduled to begin." (Reply at 4.) Because the issue is not the parties' culpability but whether plaintiff received the letter with the arbitration provision, the starting date of the warehouse lease is of clear significance.

parties.[3]

In the alternative, defendant moves to dismiss for improper venue based on a forum selection clause also contained in the terms and conditions. Because the Court finds plaintiff never received the terms and conditions, the Court also finds plaintiff did not agree to a forum selection clause.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to compel arbitration or dismiss for improper venue.

**IT IS SO ORDERED.**

**DATED: March 11, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**

---

[3] In its reply brief, defendant argues plaintiff received the terms and conditions, including the arbitration provision, as part of a quote sent on July 13, 2006. It is improper for a moving party to raise a new factual argument in a reply brief. E.g., Sweet v. Pfizer, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005) ("[T]he moving party in a motion cannot submit new information as part of its Reply."). Moreover, defendant has not shown the terms sent in July of 2006 became part of the contract between plaintiff and defendant entered into nearly a month later.