Michael L. Kirby (50895)
  mkirby@knlh.com
Malcolm B. Roberts (242431)
  mroberts@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
350 Tenth Avenue, Suite 1300
San Diego, California 92101-8700
Telephone (619) 231-8666
Facsimile (619) 231-9593

Attorneys for Defendant GEMCO, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOND LABORATORIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GEMCO, INC., a New Jersey corporation, and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 07CV2400 IEG (NLS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION BY GEMCO, INC. FOR RECONSIDERATION OF MARCH 11, 2008 ORDER DENYING MOTION TO COMPEL ARBITRATION OR DISMISS FOR IMPROPER VENUE**<br><br>Date:   To be determined by the Court<br>Time:   To be determined by the Court<br>Judge:  The Hon. Irma E. Gonzalez<br>Crtrm:  1 |

Defendant Gemco, Inc. ("Gemco") respectfully submits this Memorandum of Points and Authorities in support of its Ex Parte Application for Reconsideration of the Court's March 11, 2008 Order Denying Gemco's Motion to Compel Arbitration or Dismiss for Improper Venue (the "Order").

**1.    BACKGROUND**

On January 3, 2008, Gemco filed its Motion to Compel Bond Laboratories, Inc. ("Bond") to arbitration of the parties' disputes in Middlesex, New Jersey.  The Court

KNLH\511956.1

07CV2400 IEG (NLS)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF EX PARTE
APPLICATION BY GEMCO, INC. FOR
RECONSIDERATION OF MARCH 11, 2008
ORDER DENYING MOTION TO COMPEL
ARBITRATION OR DISMISS FOR IMPROPER
VENUE

1  elected to resolve Gemco's motion without oral argument and entered its Order Denying

2  Gemco's Motion to Compel Arbitration on March 11, 2008.

3       The Court refused to consider the argument raised in Gemco's Reply

4  Memorandum of Points and Authorities in Support of Gemco's Motion to Compel

5  Arbitration or Dismiss for Improper Venue ("Reply P&A") that Bond had actually received

6  the terms and conditions, including the arbitration provision, as part of a quote sent to

7  Bond on July 13, 2006, because the Court stated that it was improper to consider a new

8  factual argument raised in a reply brief.  (Court Order, pg. 4, fn. 3.)

9       The Court has discretion to consider new facts or different legal arguments

10  introduced in a reply brief, *Glenn K. Jackson, Inc. v. Roe* (9th Cir. 2001) 273 F.3d 1192,

11  1202, and the Court may properly consider reply pleadings which address **new matters**

12  **raised in opposition papers** so as to avoid giving an unfair advantage to the answering

13  party. *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.* (S.D.N.Y. 1991) 767

14  F.Supp.1220, 1235, rev'd on other grounds (2nd Cir. 1992) 967 F2d 742.

15       In this instance, Bond raised new matters in its Opposition to Gemco's Motion to

16  Compel Arbitration or Dismiss for Improper Venue ("Opposition") (i.e. no one from Bond

17  was ever told about or saw Gemco's "terms and conditions", which included a provision

18  to arbitrate in Middlesex, New Jersey – Landow Declaration, ¶10).

19       Because Bond placed the issues of whether anyone from Bond was told about or

20  shown Gemco's terms and conditions at issue, Gemco had to respond to that defense by

21  Bond, and fairness dictates that Gemco should have the opportunity to respond to this

22  new matter, especially where, in preparing its reply, Gemco discovered a witness with

23  personal knowledge that Bond did actually receive the terms and conditions which

24  contain the arbitration requirements.  As such, Gemco respectfully requests that this

25  Court reconsider its Order and take into consideration the "new" factual argument and

26  

27  

28  

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

KNLH\511956.1                    -2-                  07CV2400 IEG (NLS)
                                                MEMORANDUM OF POINTS AND
                                                AUTHORITIES IN SUPPORT OF EX PARTE
                                                APPLICATION BY GEMCO, INC. FOR
                                                RECONSIDERATION OF MARCH 11, 2008
                                                ORDER DENYING MOTION TO COMPEL
                                                ARBITRATION OR DISMISS FOR IMPROPER
                                                VENUE

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1  evidence that Bond did receive Gemco's terms and conditions, which included the

2  arbitration provision, on July 13, 2006 in response to the new matter Bond placed at

3  issue.

4  **2.  THE COURT MAY CONSIDER GEMCO'S EX PARTE APPLICATION FOR RECONSIDERATION OF ITS MARCH 11, 2008 ORDER**

5  **DENYING GEMCO'S MOTION TO COMPEL ARBITRATION OR DISMISS FOR IMPROPER VENUE .**

6  Pursuant to the Local Rules for the District Court of the Southern District, this

7  Court may consider Gemco's Motion for Reconsideration.  SD CA Rule 7.1(i).  Rule 7.1(i)

8  provides in pertinent part:

9  
10  Whenever any motion or any application or petition for any order or other relief has been made to any judge and has

11  been refused in whole or in part…and a subsequent motion or application or petition is made for the same relief in whole or

12  in part upon the same or any alleged different state of facts, it shall be the continuing duty of each party and attorney

13  seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or

14  witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior

15  application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order

16  was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or

17  were not shown, upon such prior application.

SD CA Rule 7.1(i)

18  
19  Gemco's Motion to Compel Arbitration or Dismiss for Improper Venue ("Motion to Compel

20  Arbitration") was filed on January 3, 2008 before the Honorable Irma E. Gonzalez.  On

21  March 11, 2008, the Court entered its Order denying Gemco's Motion to Compel

22  Arbitration.  The Court did not consider the argument raised in Gemco's Reply Motion

23  (i.e. Bond received the terms and conditions, including the arbitration provision, as part of

24  a quote sent on July 13, 2006) because the Court concluded that it was improper to

25  consider a new factual argument raised in a reply brief.  (Court Order, pg. 4, fn. 3)

26  However, a district court has the inherent power to reconsider and modify its

1  interlocutory orders prior to the entry of judgment. *Smith v. Massachusetts* (2005) 543

2  U.S. 462, 475, 125 S.Ct. 1129, 1139.  Accordingly, Gemco's Ex Parte Application for

3  Reconsideration is appropriate.

4  **3.    THE COURT HAS AUTHORITY TO CONSIDER THE NEW**
       **FACTUAL ARGUMENT RAISED IN GEMCO'S REPLY MOTION**

5       **PLACED AT ISSUE BY BOND'S OPPOSITION.**

6
       It was proper for Gemco to address the new matters raised by Bond in its

7  Opposition because Bond's Opposition addressed material in Gemco's Motion to Compel

8  Arbitration.  Reply papers may properly address new material raised in the opposition

9  papers so as to avoid giving an unfair advantage to the answering party. See *Litton*

10 *Industries supra,* 767 F.Supp. at 1235.

11      In *Litton Industries,* the non-moving party filed a motion to strike the reply affidavit

12 of the moving party on the grounds that it was untimely under Federal Rule of Civil

13 Procedure Rule 6(d), among other things. *Id.* at 1234.  However, the court rejected that

14 contention because it reasoned that the reply affidavit responded to matters placed in

15 issue by the non-moving party's opposition brief and did not spring upon the non-moving

16 party new reasons for the entry of summary judgment. *Id.* at 1235. As such, the court

17 ruled that reply papers may properly address new material issues raised in the opposition

18 papers. *Id. See also Travelers Ins. Co. v. Buffalo Reinsurance Co.,* (S.D.N.Y. 1990) 735

19 F.Supp. 492, 495, vacated in part on other grounds.

20      In contrast, this Court did not consider Gemco's newly discovered evidence that

21 Bond received the terms and conditions, including the arbitration provision, as part of a

22 quote sent on July 13, 2006 because the Court considered this to be a new argument

23 and noted that it is improper to raise a new factual argument in a reply brief.  (Court

24 Order, pg. 4, fn. 3 citing *Sweet v. Pfizer,* (C.D. Cal.2005) 232 F.R.D. 360, 364 fn.7)

25      Just as the court in *Litton Industries, Inc.* considered the reply affidavit of the

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

26  KNLH\511956.1                              -4-

07CV2400 IEG (NLS)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF EX PARTE
APPLICATION BY GEMCO, INC. FOR
RECONSIDERATION OF MARCH 11, 2008
ORDER DENYING MOTION TO COMPEL
ARBITRATION OR DISMISS FOR IMPROPER
VENUE

1 | moving party because the non-moving party's opposition brief placed those matters in

2 | issue, so should this Court should consider Gemco's proof that Bond received Gemco's

3 | terms and conditions, including the arbitration provision, as part of a quote sent on July

4 | 13, 2006 because Bond placed at issue whether anyone from Bond was ever told about

5 | or had seen Gemco's terms and conditions which included the arbitration provision.

6 | (Landow Declaration, ¶ 10.)   Thus, the Court should consider the "new" evidence raised

7 | in Gemco's Reply Motion (i.e. Bond received the terms and conditions, including the

8 | arbitration provision, as part of a quote sent on July 13, 2006,) because it was proper for

9 | Gemco to address this new matter raised by Bond.

10 |       **A.**    **Allowing Bond to address new matters in its Opposition to Gemco's Motion provided Bond with an unfair advantage.**

11 |       Not allowing Gemco the opportunity to respond to the matters raised by Bond's

12 | Opposition Motion provided Bond with an unfair advantage.  When Gemco filed its Motion

13 | to Compel Arbitration, said Motion was based in part on the arguments that (1) the "mail

14 | box" rule presumed Bond received Gemco's letter with the attached terms and conditions

15 | containing the arbitration provision and (2) the arbitration provision was enforceable and

16 | required Bond and Gemco to arbitrate any and all disputes in Middlesex, New Jersey.

17 | (Memorandum of Points and Authorities in Support of Gemco's Motion to Compel

18 | Arbitration to Dismiss).  While Bond attempted to address the issues raised by Gemco's

19 | Motion to Compel Arbitration, Bond's Opposition Motion presented new material when it

20 | alleged, among other things, that no one from Bond was told about, or shown, Gemco's

21 | terms and conditions that included the provision to arbitrate any and all disputes in

22 | Middlesex, New Jersey. (Landow Declaration, ¶10.) Because Bond's Opposition raised

23 | these new matters, Gemco should have the opportunity to address those new matters in

24 | its Reply Motion, especially when Bond, the non-moving party, placed the matter at issue,

25 | and when Gemco did not even know of the existence of a witness (not a Gemco

26 | KNLH\511956.1

27

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

-5-

07CV2400 IEG (NLS)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF EX PARTE
APPLICATION BY GEMCO, INC. FOR
RECONSIDERATION OF MARCH 11, 2008
ORDER DENYING MOTION TO COMPEL
ARBITRATION OR DISMISS FOR IMPROPER
VENUE

1  employee) who could provide admissible evidence that Bond did actually receive

2  Gemco's terms and conditions containing the arbitration provision, and did so back in

3  July of 2006.  See Declaration of Malcolm B. Roberts filed herewith, ¶¶ 8,12.

4  **4.    CONCLUSION.**

5       Given the fact that Bond placed this new matter at issue (i.e. whether anyone from

6  Bond was told about or saw Gemco's terms and conditions) in its Opposition, Gemco

7  respectfully requests that this Court reconsider its Order denying Gemco's Motion to

8  Compel Arbitration and consider the assertion and the sworn Declaration of Steve Lutes

9  which Gemco submitted in its Reply (i.e. Bond received its terms and conditions,

10  including the arbitration provision, as part of its quote sent to Bond on July 13, 2006)

11  because such evidence was only made in response to the new facts alleged in Bond's

12  Opposition.  Bond has denied it ever received the terms and conditions from Gemco, and

13  Mr. Lutes  was discovered as a percipient witness with direct knowledge  to contradict

14  Bond's sole defense here.  Gemco's Ex Parte Application for Reconsideration should be

15  granted.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

27

28

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

KNLH\511956.1                                        -6-

07CV2400 IEG (NLS)
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF EX PARTE
APPLICATION BY GEMCO, INC. FOR
RECONSIDERATION OF MARCH 11, 2008
ORDER DENYING MOTION TO COMPEL
ARBITRATION OR DISMISS FOR IMPROPER
VENUE

1    If the Court reviews the Lutes Declaration and finds it credible, the sole argument

2  asserted by Bond in its Opposition to Gemco's Motion to Compel Arbitration disappears.

3  If the Court reconsiders, and rejects the Lutes Declaration, at least the Ninth Circuit will

4  have a full record to consider.  Bond is not prejudiced by this Court considering all the

5  relevant evidence here.

6

7  DATED: March 21, 2008              KIRBY NOONAN LANCE & HOGE LLP

8

9                                                 By: _____

10                                                      Michael L. Kirby

11                                                      Malcolm B. Roberts
                                                        Attorneys for Defendant GEMCO, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  KNLH\511956.1                          -7-                    07CV2400 IEG (NLS)
                                                         MEMORANDUM OF POINTS AND
27                                                       AUTHORITIES IN SUPPORT OF EX PARTE
                                                         APPLICATION BY GEMCO, INC. FOR
28                                                       RECONSIDERATION OF MARCH 11, 2008
                                                         ORDER DENYING MOTION TO COMPEL
                                                         ARBITRATION OR DISMISS FOR IMPROPER
                                                         VENUE

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700