# EXHIBIT A

# EXHIBIT A

## Danzig, Mitch

| | |
|---|---|
| **From:** | Danzig, Mitch |
| **Sent:** | Tuesday, November 13, 2007 1:34 PM |
| **To:** | 'Michael Kirby' |

**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mike,

I will need more time to discuss this w/ my client. I can tell you that my client has no record of ever receiving this letter to Dr. Kay or the attached "terms and conditions." Does Gemco have any evidence that this letter was sent before it received payment from Bond for the blender?

Yours,

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

---

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Monday, November 12, 2007 3:34 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch-
Thanks for the prompt response. I am in the office for a few hours this afternoon. There is another more immediate issue here regarding this case. My client emailed to me  today a copy of the purchase order between our respective clients here. I am attaching a copy of those documents for you.

Of import is paragraph 16 entitled "REMEDIES" which states in its entirety:
"In the event of a dispute between Seller and Buyer, any and all disputes shall be resolved by arbitration, in the State of New Jersey, in the County of Middlesex. In no event shall the Seller be liable for special, incidental and/or consequential damages incurred; including, without limitation, lost profits."

It seems pretty clear this entire dispute has to be arbitrated in New Jersey. Will your client dismiss the case without prejudice, or make me go to the expense of a motion we both know will be granted? In drafting the Stipulation, please include a provision that states the execution of the Stipulation shall not constitute a waiver of any right to compel arbitration or waive any rights under any forum selection clause existing between these parties. If you need time to confer with your client re this, just let me know. Thanks.

---

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Monday, November 12, 2007 2:33 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mike,

Thanks for your email. To clarify, is it your assertion that Gemco's only registered agent for service of process in the State where its headquarters is located does not reside in that State and is often absent from that State for months at a time? I can tell you that the process server will swear that a person who said he was Mr. Muench agreed to accept and was served with the complaint at Gemco's headquarters and that he certainly was not told that the company's registered agent for service of process resided in Florida. I can also tell you that the notion that Gemco only "recently became aware of this case" is patently false since it was sent a courtesy copy of the complaint long before the complaint was physically served on October 2, 2007.

Nevertheless, despite the foregoing and all of the interesting questions it raises I also see no reason for spending valuable time and money addressing the original service of the complaint. We will email you a stipulation re service on 11/13 shortly and we appreciate your offer in that regard.

With respect to the remainder of your email, while it is true that Bond is a Nevada Corporation, it is not correct that it's a suspended NV corporation. Additionally, it is licensed to do business in CA and thus, legally able to proceed with this action in CA. If you have any further questions on this or any other matter, please do not hesitate to contact me.

Yours,

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

---

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Friday, November 09, 2007 6:13 PM
**To:** Danzig, Mitch
**Cc:** Castaneda, Juan
**Subject:** Re: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Counsel -
My firm has just been retained by GemCo, Inc., a New Jersey corporation. A copy of the Summons and Complaint, dated August 15, 2007 in this action, ended up on a desk in the company offices about a week ago, in an envelope with no postmark. No one has a record of being served with the Summons and Complaint at GemCo.

When a copy of the Complaint was forwarded to me today, someone from my office went to the Superior Court to review the case file this afternoon. The file contains an Affidavit of Service by Robert Vick signed October 2, 2007, swearing that the Summons and Complaint was personally served on GemCo, Inc. on John L. Muench III at 301 Smalley Avenue, Middlesex, New Jersey on September 27, 2007. However, I spoke to Mr. Muench today, who advises me that he is residing in Florida and was not even been in New Jersey in September or October of 2007. Whoever Robert Vick supposedly served on September 27, 2007 was not John Muench III, and the attempted service on GemCo is clearly defective. However, it is not my intent to put you and your client through the expense of effecting proper service now that GemCo has recently become aware of this case. I am now authorized to sign a Stipulation stating that service of the Summons and Complaint was properly served by delivering a complete copy to me on Tuesday, November 13, 2007 (Monday being a legal holiday). Please forward such a stipulation.

Two other items for your information. First, the Complaint alleges the Plaintiff is a California corporation, but I believe your client will confirm it is a Nevada corporation. Second, it is my understanding that Bond Laboratories, Inc. is currently a suspended corporation in Nevada, which would render it legally unable to pursue this case in California. If I am incorrect on either point, please let me know. If you have any questions, please call me at my direct number (619) 557 - 4402 on Tuesday. Thank you for your anticipated cooperation.

Michael L. Kirby
Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100
San Diego, California 92101
TEL: (619) 231-8666
FAX: (619) 231-9593
www.knlh.com

The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product rule and is confidential business information intended only for the use of the individual or entity named above.  The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521.  If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please notify the Systems Administrator at admin@knlh.com and immediately delete this message from your system.

----------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

----------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

# EXHIBIT B

# EXHIBIT B

## Danzig, Mitch

| | |
|---|---|
| **From:** | Danzig, Mitch |
| **Sent:** | Friday, November 16, 2007 2:23 PM |
| **To:** | 'Michael Kirby' |
| **Subject:** | RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124 |

Not a problem.

FYI - my client says he never received the terms and conditions with the Arb clause before Bond paid for the blender. Thus, I need to hear from you if your client has any proof that my client received these terms and conditions before Gemco received payment for the blender, before I can discuss this matter further with my client.

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

---

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Friday, November 16, 2007 2:16 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch - I forwarded your email to my client, but then have been in depos all week. While we both confer with our clients I think we (or at least you) need to get something on file with the Court saying there is an issue re service and the parties are preparing a stipulation on this issue. You could do that by a short declaration. Since there is a declaration of service on file, the Court could be sending an order or notice to plaintiff to appear and explain why no default is being requested, which is easily explained here. Your declaration or a stipulation will avoid that. Thanks.

---

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Tuesday, November 13, 2007 1:34 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mike,

I will need more time to discuss this w/ my client. I can tell you that my client has no record of ever receiving this letter to Dr. Kay or the attached "terms and conditions." Does Gemco have any evidence that this letter was sent before it received payment from Bond for the blender?

Yours,

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com

Web: www.mintz.com

---

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Monday, November 12, 2007 3:34 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch-
Thanks for the prompt response. I am in the office for a few hours this afternoon. There is another more immediate issue here regarding this case. My client emailed to me today a copy of the purchase order between our respective clients here. I am attaching a copy of those documents for you.

Of import is paragraph 16 entitled "REMEDIES" which states in its entirety:
"In the event of a dispute between Seller and Buyer, any and all disputes shall be resolved by arbitration, in the State of New Jersey, in the County of Middlesex. In no event shall the Seller be liable for special, incidental and/or consequential damages incurred; including, without limitation, lost profits."

It seems pretty clear this entire dispute has to be arbitrated in New Jersey. Will your client dismiss the case without prejudice, or make me go to the expense of a motion we both know will be granted? In drafting the Stipulation, please include a provision that states the execution of the Stipulation shall not constitute a waiver of any right to compel arbitration or waive any rights under any forum selection clause existing between these parties. If you need time to confer with your client re this, just let me know. Thanks.

---

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Monday, November 12, 2007 2:33 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mike,

Thanks for your email. To clarify, is it your assertion that Gemco's only registered agent for service of process in the State where its headquarters is located does not reside in that State and is often absent from that State for months at a time? I can tell you that the process server will swear that a person who said he was Mr. Muench agreed to accept and was served with the complaint at Gemco's headquarters and that he certainly was not told that the company's registered agent for service of process resided in Florida. I can also tell you that the notion that Gemco only "recently became aware of this case" is patently false since it was sent a courtesy copy of the complaint long before the complaint was physically served on October 2, 2007.

Nevertheless, despite the foregoing and all of the interesting questions it raises I also see no reason for spending valuable time and money addressing the original service of the complaint. We will email you a stipulation re service on 11/13 shortly and we appreciate your offer in that regard.

With respect to the remainder of your email, while it is true that Bond is a Nevada Corporation, it is not correct that it's a suspended NV corporation. Additionally, it is licensed to do business in CA and thus, legally able to proceed with this action in CA. If you have any further questions on this or any other matter, please do not hesitate to contact me.

Yours,

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002

E-mail: mdanzig@mintz.com
Web: www.mintz.com

---

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Friday, November 09, 2007 6:13 PM
**To:** Danzig, Mitch
**Cc:** Castaneda, Juan
**Subject:** Re: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Counsel -
My firm has just been retained by GemCo, Inc., a New Jersey corporation.  A copy of the Summons and Complaint, dated August 15, 2007 in this action, ended up on a desk in the company offices about a week ago, in an envelope with no postmark. No one has a record of being served with the Summons and Complaint at GemCo.

When a copy of the Complaint was forwarded to me today, someone from my office went to the Superior Court to review the case file this afternoon. The file contains an Affidavit of Service by Robert Vick signed October 2, 2007, swearing that the Summons and Complaint was personally served on GemCo, Inc. on John L. Muench III at 301 Smalley Avenue, Middlesex, New Jersey on September 27, 2007. However, I spoke to Mr. Muench today, who advises me that he is residing in Florida and was not even been in New Jersey in September or October of 2007. Whoever Robert Vick supposedly served on September 27, 2007 was not John Muench III, and the attempted service on GemCo is clearly defective. However, it is not my intent to put you and your client through the expense of effecting proper service now that GemCo has recently become aware of this case. I am now authorized to sign a Stipulation stating that service of the Summons and Complaint was properly served by delivering a complete copy to me on Tuesday, November 13, 2007 (Monday being a legal holiday). Please forward such a stipulation.

Two other items for your information. First, the Complaint alleges the Plaintiff is a California corporation, but I believe your client will confirm it is a Nevada corporation. Second, it is my understanding that Bond Laboratories, Inc. is currently a suspended corporation in Nevada, which would render it legally unable to pursue this case in California. If I am incorrect on either point, please let me know. If you have any questions, please call me at my direct number (619) 557 - 4402 on Tuesday. Thank you for your anticipated cooperation.

Michael L. Kirby
Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100
San Diego, California 92101
TEL: (619) 231-8666
FAX: (619) 231-9593
www.knlh.com

The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product rule and is confidential business information intended only for the use of the individual or entity named above.  The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521.  If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please notify the Systems Administrator at admin@knlh.com and immediately delete this message from your system.

---------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax

penalties or in connection with marketing or promotional materials.

------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended
for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you
are not the intended recipient, or the person responsible for delivering the e-mail to the intended
recipient, be advised you have received this message in error and that any use, dissemination,
forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky
and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of
this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this
communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax
penalties or in connection with marketing or promotional materials.

------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended
for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you
are not the intended recipient, or the person responsible for delivering the e-mail to the intended
recipient, be advised you have received this message in error and that any use, dissemination,
forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky
and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of
this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

# EXHIBIT C

# EXHIBIT C

## Danzig, Mitch

**From:**    Michael Kirby [mkirby@knlh.com]
**Sent:**    Friday, November 16, 2007 2:35 PM
**To:**    Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch - Will forward your email to my client for a response. I doubt any business would keep "proof" of letters mailed, other that lawyers like us keeping a proof of service of mailing. I believe Gemco sends a confirming letter for all such orders as that letter provides the customer with the total price, the payment terms, the job number and scheduled shipping date, which I presume every customer would want and need to know. Gemco's form letter doing so also specifically references "The attached terms and conditions are part of this order" and encloses those terms. I do not know of a reason why Gemco would have done differently with your client, but will get a response for you.

---

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Friday, November 16, 2007 2:23 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Not a problem.

FYI - my client says he never received the terms and conditions with the Arb clause before Bond paid for the blender. Thus, I need to hear from you if your client has any proof that my client received these terms and conditions before Gemco received payment for the blender, before I can discuss this matter further with my client.

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

---

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Friday, November 16, 2007 2:16 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch - I forwarded your email to my client, but then have been in depos all week. While we both confer with our clients I think we (or at least you) need to get something on file with the Court saying there is an issue re service and the parties are preparing a stipulation on this issue. You could do that by a short declaration. Since there is a declaration of service on file, the Court could be sending an order or notice to plaintiff to appear and explain why no default is being requested, which is easily explained here. Your declaration or a stipulation will avoid that. Thanks.

---

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Tuesday, November 13, 2007 1:34 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mike,

I will need more time to discuss this w/ my client. I can tell you that my client has no record of ever receiving this letter to Dr. Kay or the attached "terms and conditions." Does Gemco have any evidence that this letter was sent before it received payment from Bond for the blender?

Yours,

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

---

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Monday, November 12, 2007 3:34 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch-
Thanks for the prompt response. I am in the office for a few hours this afternoon. There is another more immediate issue here regarding this case. My client emailed to me today a copy of the purchase order between our respective clients here. I am attaching a copy of those documents for you.

Of import is paragraph 16 entitled "REMEDIES" which states in its entirety:
"In the event of a dispute between Seller and Buyer, any and all disputes shall be resolved by arbitration, in the State of New Jersey, in the County of Middlesex. In no event shall the Seller be liable for special, incidental and/or consequential damages incurred; including, without limitation, lost profits."

It seems pretty clear this entire dispute has to be arbitrated in New Jersey. Will your client dismiss the case without prejudice, or make me go to the expense of a motion we both know will be granted? In drafting the Stipulation, please include a provision that states the execution of the Stipulation shall not constitute a waiver of any right to compel arbitration or waive any rights under any forum selection clause existing between these parties. If you need time to confer with your client re this, just let me know. Thanks.

---

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Monday, November 12, 2007 2:33 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mike,

Thanks for your email. To clarify, is it your assertion that Gemco's only registered agent for service of process in the State where its headquarters is located does not reside in that State and is often absent from that State for months at a time? I can tell you that the process server will swear that a person who said he was Mr. Muench agreed to accept and was served with the complaint at Gemco's headquarters and that he certainly was not told that the company's registered agent for service of process resided in Florida. I can also tell you that the notion that Gemco only "recently became aware of this case" is patently false since it was sent a courtesy copy of the complaint long before the complaint was physically served on October 2, 2007.

Nevertheless, despite the foregoing and all of the interesting questions it raises I also see no reason for spending valuable time and money addressing the original service of the complaint. We will email you a stipulation re

service on 11/13 shortly and we appreciate your offer in that regard.

With respect to the remainder of your email, while it is true that Bond is a Nevada Corporation, it is not correct that it's a suspended NV corporation. Additionally, it is licensed to do business in CA and thus, legally able to proceed with this action in CA. If you have any further questions on this or any other matter, please do not hesitate to contact me.

Yours,

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

---

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Friday, November 09, 2007 6:13 PM
**To:** Danzig, Mitch
**Cc:** Castaneda, Juan
**Subject:** Re: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Counsel -
My firm has just been retained by GemCo, Inc., a New Jersey corporation. A copy of the Summons and Complaint, dated August 15, 2007 in this action, ended up on a desk in the company offices about a week ago, in an envelope with no postmark. No one has a record of being served with the Summons and Complaint at GemCo.

When a copy of the Complaint was forwarded to me today, someone from my office went to the Superior Court to review the case file this afternoon. The file contains an Affidavit of Service by Robert Vick signed October 2, 2007, swearing that the Summons and Complaint was personally served on GemCo, Inc. on John L. Muench III at 301 Smalley Avenue, Middlesex, New Jersey on September 27, 2007. However, I spoke to Mr. Muench today, who advises me that he is residing in Florida and was not even been in New Jersey in September or October of 2007. Whoever Robert Vick supposedly served on September 27, 2007 was not John Muench III, and the attempted service on GemCo is clearly defective. However, it is not my intent to put you and your client through the expense of effecting proper service now that GemCo has recently become aware of this case. I am now authorized to sign a Stipulation stating that service of the Summons and Complaint was properly served by delivering a complete copy to me on Tuesday, November 13, 2007 (Monday being a legal holiday). Please forward such a stipulation.

Two other items for your information. First, the Complaint alleges the Plaintiff is a California corporation, but I believe your client will confirm it is a Nevada corporation. Second, it is my understanding that Bond Laboratories, Inc. is currently a suspended corporation in Nevada, which would render it legally unable to pursue this case in California. If I am incorrect on either point, please let me know. If you have any questions, please call me at my direct number (619) 557 - 4402 on Tuesday. Thank you for your anticipated cooperation.

Michael L. Kirby
Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100
San Diego, California 92101
TEL: (619) 231-8666
FAX: (619) 231-9593
www.knlh.com

The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product rule and is confidential business information intended only for the use of the individual or entity named above. The information herein may also be protected by the Electronic Communications Privacy Act, 18



U.S.C. §§ 2510-2521. If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the Systems Administrator at admin@knlh.com and immediately delete this message from your system.

----------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

----------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

----------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

----------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

----------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

# EXHIBIT D

# EXHIBIT D

## Danzig, Mitch

| | |
|---|---|
| **From:** | Danzig, Mitch |
| **Sent:** | Tuesday, December 04, 2007 12:44 PM |
| **To:** | 'Michael Kirby' |
| **Subject:** | RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124 |

Mike, just a reminder that we are still waiting for your response on this, since Bond has no record of receiving these terms and conditions and it would not have knowingly agreed to arbitrate any disputes over the purchase of this blender in New Jersey.

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

---

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Friday, November 16, 2007 2:35 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch - Will forward your email to my client for a response. I doubt any business would keep "proof" of letters mailed, other that lawyers like us keeping a proof of service of mailing. I believe Gemco sends a confirming letter for all such orders as that letter provides the customer with the total price, the payment terms, the job number and scheduled shipping date, which I presume every customer would want and need to know. Gemco's form letter doing so also specifically references "The attached terms and conditions are part of this order" and encloses those terms. I do not know of a reason why Gemco would have done differently with your client, but will get a response for you.

---

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Friday, November 16, 2007 2:23 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Not a problem.

FYI - my client says he never received the terms and conditions with the Arb clause before Bond paid for the blender. Thus, I need to hear from you if your client has any proof that my client received these terms and conditions before Gemco received payment for the blender, before I can discuss this matter further with my client.

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Friday, November 16, 2007 2:16 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch - I forwarded your email to my client, but then have been in depos all week. While we both confer with our clients I think we (or at least you) need to get something on file with the Court saying there is an issue re service and the parties are preparing a stipulation on this issue. You could do that by a short declaration. Since there is a declaration of service on file, the Court could be sending an order or notice to plaintiff to appear and explain why no default is being requested, which is easily explained here. Your declaration or a stipulation will avoid that. Thanks.

---

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Tuesday, November 13, 2007 1:34 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mike,

I will need more time to discuss this w/ my client. I can tell you that my client has no record of ever receiving this letter to Dr. Kay or the attached "terms and conditions." Does Gemco have any evidence that this letter was sent before it received payment from Bond for the blender?

Yours,

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

---

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Monday, November 12, 2007 3:34 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch-
Thanks for the prompt response. I am in the office for a few hours this afternoon. There is another more immediate issue here regarding this case. My client emailed to me today a copy of the purchase order between our respective clients here. I am attaching a copy of those documents for you.

Of import is paragraph 16 entitled "REMEDIES" which states in its entirety:
"In the event of a dispute between Seller and Buyer, any and all disputes shall be resolved by arbitration, in the State of New Jersey, in the County of Middlesex. In no event shall the Seller be liable for special, incidental and/or consequential damages incurred; including, without limitation, lost profits."

It seems pretty clear this entire dispute has to be arbitrated in New Jersey. Will your client dismiss the case without prejudice, or make me go to the expense of a motion we both know will be granted? In drafting the Stipulation, please include a provision that states the execution of the Stipulation shall not constitute a waiver of any right to compel arbitration or waive any rights under any forum selection clause existing between these parties. If you need time to confer with your client re this, just let me know. Thanks.

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Monday, November 12, 2007 2:33 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mike,

Thanks for your email. To clarify, is it your assertion that Gemco's only registered agent for service of process in the State where its headquarters is located does not reside in that State and is often absent from that State for months at a time? I can tell you that the process server will swear that a person who said he was Mr. Muench agreed to accept and was served with the complaint at Gemco's headquarters and that he certainly was not told that the company's registered agent for service of process resided in Florida. I can also tell you that the notion that Gemco only "recently became aware of this case" is patently false since it was sent a courtesy copy of the complaint long before the complaint was physically served on October 2, 2007.

Nevertheless, despite the foregoing and all of the interesting questions it raises I also see no reason for spending valuable time and money addressing the original service of the complaint. We will email you a stipulation re service on 11/13 shortly and we appreciate your offer in that regard.

With respect to the remainder of your email, while it is true that Bond is a Nevada Corporation, it is not correct that it's a suspended NV corporation. Additionally, it is licensed to do business in CA and thus, legally able to proceed with this action in CA. If you have any further questions on this or any other matter, please do not hesitate to contact me.

Yours,

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Friday, November 09, 2007 6:13 PM
**To:** Danzig, Mitch
**Cc:** Castaneda, Juan
**Subject:** Re: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Counsel -
My firm has just been retained by GemCo, Inc., a New Jersey corporation. A copy of the Summons and Complaint, dated August 15, 2007 in this action, ended up on a desk in the company offices about a week ago, in an envelope with no postmark. No one has a record of being served with the Summons and Complaint at GemCo.

When a copy of the Complaint was forwarded to me today, someone from my office went to the Superior Court to review the case file this afternoon. The file contains an Affidavit of Service by Robert Vick signed October 2, 2007, swearing that the Summons and Complaint was personally served on GemCo, Inc. on John L. Muench III at 301 Smalley Avenue, Middlesex, New Jersey on September 27, 2007. However, I spoke to Mr. Muench today, who advises me that he is residing in Florida and was not even been in New Jersey in September or October of 2007. Whoever Robert Vick supposedly served on September 27, 2007 was not John Muench III, and the attempted service on GemCo is clearly defective. However, it is not my intent to put you and your client through the expense of effecting proper service now that GemCo has recently become aware of this case. I am now authorized to sign

a Stipulation stating that service of the Summons and Complaint was properly served by delivering a complete copy to me on Tuesday, November 13, 2007 (Monday being a legal holiday). Please forward such a stipulation.

Two other items for your information. First, the Complaint alleges the Plaintiff is a California corporation, but I believe your client will confirm it is a Nevada corporation. Second, it is my understanding that Bond Laboratories, Inc. is currently a suspended corporation in Nevada, which would render it legally unable to pursue this case in California. If I am incorrect on either point, please let me know. If you have any questions, please call me at my direct number (619) 557 - 4402 on Tuesday. Thank you for your anticipated cooperation.

Michael L. Kirby
Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100
San Diego, California 92101
TEL: (619) 231-8666
FAX: (619) 231-9593
www.knlh.com

The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product rule and is confidential business information intended only for the use of the individual or entity named above. The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the Systems Administrator at admin@knlh.com and immediately delete this message from your system.

---------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

---------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

---------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

-------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

-------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

-------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

# EXHIBIT E

# EXHIBIT E

## Danzig, Mitch

**From:** Michael Kirby [mkirby@knlh.com]
**Sent:** Tuesday, December 04, 2007 1:03 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch -
My guess is we need to bring this to the Court for a resolution. My client swears it was mailed, as all such notices are, to the purchaser. There would not be much purpose to having such terms and conditions, and an arbitration clause, without sending them to the customers. However, I understand your client will deny actual receipt. The letter was not sent certified mail, and thus neither side's position can be established with absolute certainty. Even if I produce sworn evidence for you that it was mailed from Gemco, which then gives rise to the presumption under California Evidence Code section 641 that the letter has "been received in the ordinary course of mail," your client will presumably still deny receipt. The Court will have to resolve this dispute as I do not see how the parties will do so by agreement.

Send over the Stipulation we discussed providing that service of the Summons and Complaint on Gemco shall be deemed to occur on the date I sign the Stipulation, which I will do immediately upon receipt of the Stipulation. Even though I would normally have 30 days for a responsive pleading, you may include in the Stipulation that Gemco has agreed to file and serve its responsive pleading by Friday, December 21, 2007 as I want to get it out before being gone over the holidays. Thanks.

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Tuesday, December 04, 2007 12:44 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mike, just a reminder that we are still waiting for your response on this, since Bond has no record of receiving these terms and conditions and it would not have knowingly agreed to arbitrate any disputes over the purchase of this blender in New Jersey.

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Friday, November 16, 2007 2:35 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch - Will forward your email to my client for a response. I doubt any business would keep "proof" of letters mailed, other that lawyers like us keeping a proof of service of mailing. I believe Gemco sends a confirming letter for all such orders as that letter provides the customer with the total price, the payment terms, the job number and scheduled shipping date, which I presume every customer would want and need to know. Gemco's form letter doing so also specifically references "The attached terms and conditions are part of this order" and encloses those terms. I do not know of a reason why Gemco would have done differently with your client, but will get a response for you.

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Friday, November 16, 2007 2:23 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Not a problem.

FYI - my client says he never received the terms and conditions with the Arb clause before Bond paid for the blender. Thus, I need to hear from you if your client has any proof that my client received these terms and conditions before Gemco received payment for the blender, before I can discuss this matter further with my client.

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

---

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Friday, November 16, 2007 2:16 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch - I forwarded your email to my client, but then have been in depos all week. While we both confer with our clients I think we (or at least you) need to get something on file with the Court saying there is an issue re service and the parties are preparing a stipulation on this issue. You could do that by a short declaration. Since there is a declaration of service on file, the Court could be sending an order or notice to plaintiff to appear and explain why no default is being requested, which is easily explained here. Your declaration or a stipulation will avoid that. Thanks.

---

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Tuesday, November 13, 2007 1:34 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mike,

I will need more time to discuss this w/ my client. I can tell you that my client has no record of ever receiving this letter to Dr. Kay or the attached "terms and conditions." Does Gemco have any evidence that this letter was sent before it received payment from Bond for the blender?

Yours,

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Monday, November 12, 2007 3:34 PM
**To:** Danzig, Mitch
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mitch-
Thanks for the prompt response. I am in the office for a few hours this afternoon. There is another more immediate issue here regarding this case. My client emailed to me today a copy of the purchase order between our respective clients here. I am attaching a copy of those documents for you.

Of import is paragraph 16 entitled "REMEDIES" which states in its entirety:
"In the event of a dispute between Seller and Buyer, any and all disputes shall be resolved by arbitration, in the State of New Jersey, in the County of Middlesex. In no event shall the Seller be liable for special, incidental and/or consequential damages incurred; including, without limitation, lost profits."

It seems pretty clear this entire dispute has to be arbitrated in New Jersey. Will your client dismiss the case without prejudice, or make me go to the expense of a motion we both know will be granted? In drafting the Stipulation, please include a provision that states the execution of the Stipulation shall not constitute a waiver of any right to compel arbitration or waive any rights under any forum selection clause existing between these parties. If you need time to confer with your client re this, just let me know. Thanks.

---

**From:** Danzig, Mitch [mailto:MDanzig@mintz.com]
**Sent:** Monday, November 12, 2007 2:33 PM
**To:** Michael Kirby
**Subject:** RE: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Mike,

Thanks for your email. To clarify, is it your assertion that Gemco's only registered agent for service of process in the State where its headquarters is located does not reside in that State and is often absent from that State for months at a time? I can tell you that the process server will swear that a person who said he was Mr. Muench agreed to accept and was served with the complaint at Gemco's headquarters and that he certainly was not told that the company's registered agent for service of process resided in Florida. I can also tell you that the notion that Gemco only "recently became aware of this case" is patently false since it was sent a courtesy copy of the complaint long before the complaint was physically served on October 2, 2007.

Nevertheless, despite the foregoing and all of the interesting questions it raises I also see no reason for spending valuable time and money addressing the original service of the complaint. We will email you a stipulation re service on 11/13 shortly and we appreciate your offer in that regard.

With respect to the remainder of your email, while it is true that Bond is a Nevada Corporation, it is not correct that it's a suspended NV corporation. Additionally, it is licensed to do business in CA and thus, legally able to proceed with this action in CA. If you have any further questions on this or any other matter, please do not hesitate to contact me.

Yours,

Micha "Mitch" Danzig | Member
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Dr., Suite 600 | San Diego, CA 92121
Phone: 858.320.3000 | Fax: 858.320.3001
Direct Dial: 858.320.3002
E-mail: mdanzig@mintz.com
Web: www.mintz.com

**From:** Michael Kirby [mailto:mkirby@knlh.com]
**Sent:** Friday, November 09, 2007 6:13 PM
**To:** Danzig, Mitch
**Cc:** Castaneda, Juan
**Subject:** Re: Bond Laboratories, Inc. v. GemCo, Inc. SD Superior Court Case No 37-2007-00073124

Counsel -
My firm has just been retained by GemCo, Inc., a New Jersey corporation. A copy of the Summons and Complaint, dated August 15, 2007 in this action, ended up on a desk in the company offices about a week ago, in an envelope with no postmark. No one has a record of being served with the Summons and Complaint at GemCo.

When a copy of the Complaint was forwarded to me today, someone from my office went to the Superior Court to review the case file this afternoon. The file contains an Affidavit of Service by Robert Vick signed October 2, 2007, swearing that the Summons and Complaint was personally served on GemCo, Inc. on John L. Muench III at 301 Smalley Avenue, Middlesex, New Jersey on September 27, 2007. However, I spoke to Mr. Muench today, who advises me that he is residing in Florida and was not even been in New Jersey in September or October of 2007. Whoever Robert Vick supposedly served on September 27, 2007 was not John Muench III, and the attempted service on GemCo is clearly defective. However, it is not my intent to put you and your client through the expense of effecting proper service now that GemCo has recently become aware of this case. I am now authorized to sign a Stipulation stating that service of the Summons and Complaint was properly served by delivering a complete copy to me on Tuesday, November 13, 2007 (Monday being a legal holiday). Please forward such a stipulation.

Two other items for your information. First, the Complaint alleges the Plaintiff is a California corporation, but I believe your client will confirm it is a Nevada corporation. Second, it is my understanding that Bond Laboratories, Inc. is currently a suspended corporation in Nevada, which would render it legally unable to pursue this case in California. If I am incorrect on either point, please let me know. If you have any questions, please call me at my direct number (619) 557 - 4402 on Tuesday. Thank you for your anticipated cooperation.

Michael L. Kirby
Kirby Noonan Lance & Hoge LLP
600 West Broadway, Suite 1100
San Diego, California 92101
TEL: (619) 231-8666
FAX: (619) 231-9593
www.knlh.com

The information contained in this e-mail message and any accompanying documents is subject to the attorney-client privilege and/or the attorney work product rule and is confidential business information intended only for the use of the individual or entity named above. The information herein may also be protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. If the reader of this message is not the intended recipient or representative of the recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please notify the Systems Administrator at admin@knlh.com and immediately delete this message from your system.

-------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

------------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.