1   Michael L. Kirby (50895)
      mkirby@knlh.com
2   Malcolm B. Roberts (242431)
      mroberts@knlh.com
3   **KIRBY NOONAN LANCE & HOGE LLP**
    350 Tenth Avenue, Suite 1300
4   San Diego, California  92101-8700
    Telephone (619) 231-8666
5   Facsimile (619) 231-9593

6   Attorneys for Defendant GEMCO, INC.

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   BOND LABORATORIES, INC., a            CASE NO. 07CV2400 IEG (NLS)
     California corporation,
12                                         **REPLY MEMORANDUM OF POINTS
                   Plaintiff,              AND AUTHORITIES IN SUPPORT OF
13                                         DEFENDANT GEMCO, INC.'S EX PARTE
           vs.                             APPLICATION FOR
14                                         RECONSIDERATION OF MARCH 11,
     GEMCO, INC., a New Jersey corporation,    2008 ORDER DENYING MOTION TO
15   and DOES 1-10, inclusive,             COMPEL ARBITRATION OR DISMISS
                                           FOR IMPROPER VENUE**
16                 Defendant.
                                           Date:   April 7, 2008
17                                         Time:   10:30 a.m.
                                           Judge: The Hon. Irma E. Gonzalez
18                                         Crtrm: 1

19

20

21

22

23

24

25

26   KNLH\514360.1
                                                          07CV2400 IEG (NLS)
27                                           REPLY MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF DEFENDANT
28                                         GEMCO, INC.'S EX PARTE APPLICATION
                                           FOR RECONSIDERATION OF MARCH 11,
                                             2008 ORDER DENYING MOTION TO
                                          COMPEL ARBITRATION OR DISMISS FOR
                                                   IMPROPER VENUE

1    Pursuant to the Court's Order on March 11, 2008, Defendant Gemco, Inc.

2  ("Gemco") files this Reply Memorandum of Points and Authorities to Plaintiff Bond

3  Laboratories, Inc.'s ("Bond") Opposition to Gemco's Ex Parte Application for

4  Reconsideration of the Court's March 11, 2008 Order denying Gemco's Motion to Compel

5  Arbitration or Dismiss for Improper Venue ("Ex Parte Opposition").

## 1. INTRODUCTION

7    Bond's Ex Parte Opposition is based on the following assertions: (1) whether

8  anyone from Bond was "told about or shown" Gemco's Terms And Conditions is not a

9  new matter; (2) Gemco should have known when its original motion was filed that

10  Stephen Lutes would declare that he sent Bond Gemco's Terms And Conditions,

11  including the arbitration provision, as part of a quote on July 13, 2006; and (3) Gemco's

12  Ex Parte Application for Reconsideration of the March 11, 2008 Order Denying Gemco's

13  Motion to Compel Arbitration or Dismiss for Improper Venue ("Ex Parte Application")

14  somehow provides Gemco with an alleged unfair advantage.

15    None of these assertions are supported by law or fact.  First, whether anyone from

16  Bond was "told about or shown" Gemco's Terms And Conditions is a new matter placed

17  at issue by Bond because Gemco's original motion never asserted or sought to prove

18  that Bond was "told about or shown" its Terms And Conditions, which included a

19  provision to arbitrate.  Instead, Gemco's original Motion only sought to establish, as

20  federal case law required, that it was presumed under the "mailbox rule" that Bond

21  **received** Gemco's Terms And Conditions in the U.S. mail.

22    Second, Gemco could not have anticipated that Stephen Lutes (not a Gemco

23  employee) would have direct knowledge to contradict an assertion placed at issue by

24  Bond in its opposition (i.e. Bond received its Terms And Conditions, including the

25  arbitration provision, as part of its quote sent to Bond on July 13, 2006).  The significance

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

KNLH\514360.1                -1-

27

28

07CV2400 IEG (NLS)
REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANT
GEMCO, INC.'S EX PARTE APPLICATION
FOR RECONSIDERATION OF MARCH 11,
2008 ORDER DENYING MOTION TO
COMPEL ARBITRATION OR DISMISS FOR
IMPROPER VENUE

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1   of testimony by Mr. Lutes came to light when Gemco's counsel provided Bond's

2   opposition to Gemco in order to obtain evidence to rebut the assertion of Bond.  Tellingly,

3   it is now conceded by Bond that the sworn testimony of Mr. Lutes did in fact refute Bond's

4   opposition.

5         Third, it would be unfair to Gemco to allow Bond to place a new matter at issue in

6   its Opposition to Gemco's Motion to Compel Arbitration, or Alternatively, to Dismiss for

7   Improper Venue ("Opposition to Arbitration") without allowing Gemco the opportunity to

8   respond.  Therefore, this Court should reconsider its Order denying Gemco's Motion to

9   Compel Arbitration and consider the matters addressed in Gemco's Reply Memorandum

10  of Points and Authorities because such evidence was only presented in response to the

11  new facts alleged in Bond's Opposition to Arbitration.

12  **2.      THE COURT SHOULD CONSIDER THE NEW FACTUAL ARGUMENT
            PLACED AT ISSUE BY BOND IN ITS ORIGINAL OPPOSITION.**

13

14        **A.      Bond cannot refute Gemco's contention that the Court may
                  consider reply pleadings which address new matters raised in
                  opposition papers.**

15

16        Bond does not dispute the fact that the Court may properly consider reply

17  pleadings which address new matters raised in opposition papers so as to avoid giving

18  an unfair advantage to the answering party.  *Litton Industries, Inc. v. Lehman Bros. Kuhn*

19  *Loeb, Inc.* (S.D.N.Y. 1991) 767 F.Supp.1220, 1235, rev'd on other grounds (2nd Cir. 1992)

20  967 F2d 742.

21        Notably, Bond's assertion that Gemco relied on an "overruled" case (*Litton*

22  *Industries*) is disingenuous because Gemco clearly indicated in its original citation to

23  *Litton Industries* that *Litton Industries* had been reversed **on other grounds**. *See*

24  Gemco's Ex Parte Application at page 2, lines 13-14.  Since *Litton Industries* was

25  reversed by the Court of Appeals on other grounds unrelated to the issue of a District

26  KNLH\514360.1                                    -2-

27

28

07CV2400 IEG (NLS)
REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANT
GEMCO, INC.'S EX PARTE APPLICATION
FOR RECONSIDERATION OF MARCH 11,
2008 ORDER DENYING MOTION TO
COMPEL ARBITRATION OR DISMISS FOR
IMPROPER VENUE

1  Court considering reply pleadings which address new matters raised in opposition

2  papers, *Litton Industries* is still persuasive on this issue.  Consequently, this Court has

3  authority to consider reply pleadings which address new matters raised in opposition

4  papers so as to avoid giving an unfair advantage to the answering party.  More

5  importantly, Bond has now had an opportunity to file its opposition to this Ex Parte

6  Application and thus cannot be prejudiced.

7          It is significant to note that Bond's Ex Parte Opposition did not address *Glenn K.*

8  *Jackson, Inc. v. Roe* (9th Cir. 2001) 273 F.3d 1192, 1202, which is binding on this District

9  Court, and was cited by Gemco for the proposition that this Court has discretion to

10  consider new facts or different legal arguments introduced in a reply brief.  Because this

11  Court may consider reply pleadings which address new matters raised in opposition

12  papers and new facts introduced in a reply brief, this Court can decide whether the

13  arbitration provision sent to Bond on July 13, 2006, as part of a quote, and received by

14  Bond, was a new matter placed at issue by Bond in its Opposition to Arbitration.

15          1)      **Whether anyone from Bond received**
                   **Gemco's "Terms And Conditions" from Stephen Lutes is**
16                 **a new matter placed at issue by Bond.**

17          Stephen Lutes, Gemco's independent manufacturer representative, was not

18  mentioned once in Gemco's Motion to Compel Arbitration.  See ¶ 4 of Malcolm B.

19  Roberts's Declaration ("Roberts Declaration").  It was Bond who first identified Mr. Lutes

20  in its opposition.  In support of Bond's Opposition to Arbitration, Bond's CEO, Scott

21  Landow, asserted that "at no time during these conversations with Mr. Lutes was anyone

22  from Bond told about, or shown, a 'Terms And Conditions' form, indicating that any

23  dispute between Bond and Gemco would be subject to arbitration in New Jersey and

24  under New Jersey law." [Scott Landow Declaration, ("Landow Declaration") ¶10.]  Again,

25  it must be pointed out that Mr. Landow was careful not to deny that Bond had ever

26  KNLH\514360.1

27

28

-3-                                07CV2400 IEG (NLS)
REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANT
GEMCO, INC.'S EX PARTE APPLICATION
FOR RECONSIDERATION OF MARCH 11,
2008 ORDER DENYING MOTION TO
COMPEL ARBITRATION OR DISMISS FOR
IMPROPER VENUE

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1  received Gemco's Terms And Conditions.  Mr. Landow could not, and did not ever make

2  that assertion.

3      Whether anyone from Bond was "told about or shown" Gemco's Terms And

4  Conditions, including the arbitration provision, during any conversation with Steve Lutes

5  is a **new** matter raised by Bond because Gemco never alleged that Bond was "told about

6  or shown" Gemco's Terms And Conditions.  [Landow Declaration, ¶10.]  Instead,

7  Gemco's Motion to Compel Arbitration, only established that, under the "mail box rule", it

8  was presumed that Bond received the August 17, 2006 letter from Gemco with the

9  attached Terms And Conditions, including the arbitration provision. Cal. Evidence Code

10  §641.  *Hoefs v. CAVC of Colorado, LLC* (D.Mass. 2005) 365 F.Supp.2d 69, 72-73.

11      Because Bond placed at issue whether anyone at Bond was "told about or shown"

12  Gemco's Terms And Conditions, including the arbitration provision, fairness dictates that

13  Gemco have the opportunity to respond to Bond's arguments and evidence.  Thus,

14  whether anyone at Bond was "told about or shown" Gemco's Terms And Conditions,

15  including the arbitration provision, or received a copy, was a new matter that was

16  properly addressed in Gemco's Reply pleadings, and Bond has now had a full

17  opportunity to respond to Gemco's evidence.

18              **2)    Bond's reference to emails between its attorney and
                         Gemco's attorney is not evidence of whether anyone at**
19                       **Bond was "told about or shown" Gemco's Terms And
                         Conditions, and Gemco's evidence was properly a new**
20                       **matter.**

21

22      Bond cites three emails between its attorney and Gemco's attorney (after this

23  lawsuit was filed) to support its proposition that Bond did not receive Gemco's Terms And

    Conditions, which included the arbitration provision.  [Declaration of Micha Danzig
24
    ("Danzig Decl"), ¶2, Ex. A; ¶3, Ex. B; ¶5, Ex. D.]  None of these emails are evidence nor
25
    are they persuasive.  All three of these emails focus on assertions by counsel about
26

-4-                   07CV2400 IEG (NLS)

27                                                                     REPLY MEMORANDUM OF POINTS AND
                                                                       AUTHORITIES IN SUPPORT OF DEFENDANT
                                                                       GEMCO, INC.'S EX PARTE APPLICATION
28                                                                     FOR RECONSIDERATION OF MARCH 11,
                                                                       2008 ORDER DENYING MOTION TO
                                                                       COMPEL ARBITRATION OR DISMISS FOR
                                                                       IMPROPER VENUE

*Kirby Noonan Lance & Hoge LLP*
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

1  whether Bond received Gemco's Terms And Conditions, including the arbitration

2  provision.  More importantly, none of the emails from the parties current litigation counsel

3  were or are admissible evidence from percipient witnesses.

4       Because these emails focus on whether Bond <u>received</u> Gemco's Terms And

5  Conditions, these emails suggest that whether anyone from Bond was "told about or

6  shown" Gemco's Terms And Conditions was never placed at issue until Bond brought it

7  up in its Opposition to Arbitration.  For example, the following correspondence raised by

8  Bond in its Opposition to Gemco's Ex Parte Application for Reconsideration ("Opposition

9  to Ex Parte") highlights the fact that the focus between the litigation attorneys[1] was on

10  whether Bond received Gemco's Terms And Conditions, which Bond was denying:

11       •    It "has no record of ever <u>receiving</u> this letter to Dr. Kay or the attached '
             Terms And Conditions'."
12
13            Danzig Decl, ¶2, Ex. A, email from Micha Danzig to Michael  Kirby
              dated November 13, 2007;
14
                                                 (emphasis added.)
15
         •    "…I need to hear from you if your client has any proof that my client
16            <u>received</u> these Terms And Conditions…"
17            Danzig Decl, ¶3, Ex. B, email from Micha Danzig to Michael Kirby
              dated November 16, 2007;
18
                                                 (emphasis added.)
19
         •    "…Bond has no record of <u>receiving</u> these Terms And Conditions…
20
              Danzig Decl, ¶5, Ex. D, email from Micha Danzig to Michael Kirby
21            dated December 4, 2007;

22                                               (emphasis added.)

23  _____

24       [1] It is clear that the two authors of the emails, Messrs. Danzig and Kirby,
    could never competently testify as to whether Bond actually received Gemco's
25  Terms And Conditions.

26  KNLH\514360.1                       -5-                07CV2400 IEG (NLS)
                                                 REPLY MEMORANDUM OF POINTS AND
27                                               AUTHORITIES IN SUPPORT OF DEFENDANT
                                                 GEMCO, INC.'S EX PARTE APPLICATION
28                                               FOR RECONSIDERATION OF MARCH 11,
                                                 2008 ORDER DENYING MOTION TO
                                                 COMPEL ARBITRATION OR DISMISS FOR
                                                 IMPROPER VENUE

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1    As stated in the emails, the issue of receipt of Gemco's Terms And Conditions was

2  paramount.  Gemco established that Bond **received** its Terms And Conditions, including

3  the arbitration provision, because Alicia John declared under penalty of perjury that she

4  sent Bond a letter on August 17, 2006 with Gemco's Terms And Conditions which

5  included the arbitration provision.  See ¶6 of Alicia John's Declaration ("John

6  Declaration") filed with Gemco's Motion to Compel Arbitration, or to Dismiss for Improper

7  Venue.  Again, Bond's Opposition to Arbitration did not, nor does its Ex Parte opposition,

8  contain any sworn testimony by Mr. Landow that Bond never **received** Gemco's Terms

9  And Conditions.

10   Since receipt of Gemco's Terms And Conditions was paramount, the emails

11  between counsel cited by Bond illustrate that whether anyone from Bond was ever "told

12  about or shown" Gemco's Terms And Conditions was a new matter which Bond placed at

13  issue in its Opposition to Arbitration.

**B.    Gemco could not anticipate that Steve Lutes had direct
knowledge to contradict Bond's sole defense.**

16   Bond implies that since Steve Lutes was referenced by Bond in its Complaint

17  against Gemco, Gemco "should have known" that Mr. Lutes would declare that he had

18  sent Bond Gemco's Terms And Conditions, including the arbitration provision, as part of

19  a quote on July 13, 2006.  This assertion if flawed.  Gemco's Motion to Compel

20  Arbitration was premised on the presumption that Bond received the August 17, 2006

21  letter from Gemco (from Ms. John, not Mr. Lutes) which contained its Terms And

22  Conditions, including the provision to arbitrate in New Jersey.  Under the "mail box" rule,

23  that is all Gemco needed to show.

24   It was not until Bond placed at issue whether anyone from Bond was "told about or

25  shown" Gemco's Terms And Conditions that it was discovered that Mr. Lutes had direct

KNLH\514360.1

-6-

07CV2400 IEG (NLS)
REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANT
GEMCO, INC.'S EX PARTE APPLICATION
FOR RECONSIDERATION OF MARCH 11,
2008 ORDER DENYING MOTION TO
COMPEL ARBITRATION OR DISMISS FOR
IMPROPER VENUE

1    knowledge to rebut Bond's Opposition to Arbitration.  See Roberts Declaration, ¶¶ 3-5.

2    Thus, Bond's reference to Mr. Lutes in their Complaint was of no consequence.

3         **3.    ALLOWING GEMCO TO RESPOND TO NEW MATTERS PLACED IN ISSUE BY BOND IS FAIR, PARTICULARLY NOW THAT BOND HAS FILED OPPOSITION TO THIS EX PARTE APPLICATION.**

4

5        Bond contends that Gemco is attempting to gain an unfair advantage by seeking

6    reconsideration of the Court's ruling which did not consider the new factual argument

7    raised in Gemco's Reply P&A (i.e. the Court did not consider Gemco's evidence that

8    Bond had actually received its Terms And Conditions as part of a quote sent to Bond on

9    July 13, 2006.)  Bond's contention about fairness is wholly misplaced.  Gemco does

10   agree that the issue of fairness is definitely a relevant fact before the Court here.  Bond

11   premised its entire opposition to Gemco's original motion on one central premise, that no

12   one from Bond was "told about or shown" Gemco's Terms And Conditions.  Bond thus

13   represented, impliedly if not expressly, to this Court that Bond could not have even

14   known about the existence of the Terms And Conditions, including the arbitration

15   provision.

16        However, the reply Declaration of Mr. Lutes demonstrated the unfairness of

17   allowing Bond to assert an argument to this Court, and then seek to preclude Gemco

18   from proving that Bond's argument is not only unsupported, but is contradicted by sworn

19   testimony.  As noted, *supra*, a careful reading of Bond's original Opposition to Arbitration

20   does not expressly deny that a copy of the Gemco's Terms And Conditions were ever

21   received by Bond.  In its Opposition, Mr. Landow's Declaration was careful to focus the

22   issue that Bond was allegedly never "told about or shown" Gemco's Terms And

23   Conditions.  Under that unfair narrowing of the issue, Mr. Landow would have been

24   testifying correctly in making that assertion even if he had knowledge that the Gemco's

25   Terms And Conditions were placed on his desk and existed in Bond's files.  While it

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

26

KNLH\514360.1

27

28

-7-

07CV2400 IEG (NLS)
REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANT
GEMCO, INC.'S EX PARTE APPLICATION
FOR RECONSIDERATION OF MARCH 11,
2008 ORDER DENYING MOTION TO
COMPEL ARBITRATION OR DISMISS FOR
IMPROPER VENUE

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

1  would be true that in none of the discussions with Mr. Lutes was Bond "told about or

2  shown" the Terms And Conditions, it is even more true that Bond had to be in actual

3  receipt of those Terms And Conditions, including the arbitration provision.

4          There was absolutely no unfairness with a party demonstrating to this Court, or

5  any Court, that the central defense or premise asserted by the opposing party is not only

6  simply illusory and argumentative, but that it is directly contradicted by sworn testimony

7  (which has not been rebutted in Bond's Ex Parte Opposition).  Having been given the

8  opportunity to file its ex parte opposition, it is now clear that Bond cannot and will not

9  assert through any sworn declaration, or even assert in a pleading governed by Rule 11,

10  that the Terms And Conditions were never received at Bond.  Instead, Bond's defense

11  was a very narrow one, i.e. that no one from Bond was expressly "told about", "or shown"

12  Gemco's Terms And Conditions by Mr. Lutes.  This ex parte application for

13  reconsideration simply asks this Court to decide the key issue based on the relevant

14  evidence.

15          Bond's Opposition to Arbitration presented new material when it alleged, among

16  other things, that no one from Bond was "told about, or shown", Gemco's Terms And

17  Conditions that included the provision to arbitrate any and all disputes in New Jersey.

18  Since Bond's Opposition raised this new matter, fundamental fairness requires that

19  Gemco should have had the opportunity to address those new matters in its Reply,

20  especially when Bond placed at issue this new allegation.

21  **4.    CONCLUSION**

22          In light of the foregoing, Gemco respectfully requests that this Court reconsider its

23  Order denying Gemco's Motion to Compel Arbitration and consider the sworn Declaration

24  of Steve Lutes which Gemco submitted in its Reply P&A (i.e., to show that Bond received

25  its Terms And Conditions, including the arbitration provision, as part of its quote sent to

26  KNLH\514360.1

27

28

07CV2400 IEG (NLS)
REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANT
GEMCO, INC.'S EX PARTE APPLICATION
FOR RECONSIDERATION OF MARCH 11,
2008 ORDER DENYING MOTION TO
COMPEL ARBITRATION OR DISMISS FOR
IMPROPER VENUE

1  Bond on July 13, 2006).  That testimony has not been rebutted in any regard by Bond.

2  Thus the Court must presume it cannot be rebutted.

3

4  DATED: April 4, 2008                    KIRBY NOONAN LANCE & HOGE LLP

5

6                                          By: _____

7                                              Michael L. Kirby
                                                Malcolm B. Roberts
8                                               Attorneys for Defendant GEMCO, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  KNLH\514360.1                          -9-

27

28

07CV2400 IEG (NLS)
REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANT
GEMCO, INC.'S EX PARTE APPLICATION
FOR RECONSIDERATION OF MARCH 11,
2008 ORDER DENYING MOTION TO
COMPEL ARBITRATION OR DISMISS FOR
IMPROPER VENUE

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California  92101-8700

Michael L. Kirby (50895)
 mkirby@knlh.com
Malcolm B. Roberts (242431)
 mroberts@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
350 Tenth Avenue, Suite 1300
San Diego, California 92101-8700
Telephone (619) 231-8666
Facsimile (619) 231-9593

Attorneys for Defendant GEMCO, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOND LABORATORIES, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GEMCO, INC., a New Jersey corporation, and DOES 1-10, inclusive,<br><br>　　　　　Defendant. | CASE NO. 07CV2400 IEG (NLS)<br><br>**REPLY DECLARATION OF MICHAEL L. KIRBY IN SUPPORT DEFENDANT GEMCO, INC.'S EX PARTE APPLICATION FOR RECONSIDERATION OF MARCH 11, 2008 ORDER DENYING MOTION TO COMPEL ARBITRATION OR DISMISS FOR IMPROPER VENUE**<br><br>Date:　April 7, 2008<br>Time:　10:30 a.m.<br>Judge: The Hon. Irma E. Gonzalez<br>Crtrm: 1 |

I, MICHAEL L. KIRBY, declare as follows:

1.    I am an attorney duly licensed to appear before all courts in the State of California and the United States District Court for the Southern District of California. I am a partner at the law firm of Kirby Noonan Lance & Hoge, LLP, attorneys of record herein for Defendant Gemco, Inc. ("Gemco"). All facts stated herein are true of my own personal knowledge and if called as a witness, I could and would testify competently thereto.

2.    I am submitting this Reply Declaration because I was the attorney who initially became involved in representing Gemco in this matter, and I had the communications with Plaintiff's counsel, Mr. Danzig.

3.    In recalling and reviewing my communications with Mr. Danzig, the name of Stephen Lutes did not come up during those communications.

4.    As set forth in the Declaration of Malcolm Roberts, but just to confirm the same is true on my part, my firm had no knowledge about Mr. Lutes when we filed Gemco's Motion to Compel Arbitration or Dismiss for Improper Venue on January 8, 2008.

5.    As of this date, I still have never had any written, email or verbal communications of any kind with Stephen Lutes.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Reply Declaration is executed this 4th day of April 2008 in San Diego County, California.

Michael L. Kirby

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

**PROOF OF SERVICE**

DATE:        April 7, 2008
TIME:        10:30 a.m.
DEPT:        1
TRIAL DATE:  Not Set
JUDGE:       Irma E. Gonzalez

Bond Laboratories v. GemCo, Inc.
United States District Court Case No. 07Cv2400IEG (NLS)

     I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 350 Tenth Avenue, Suite 1300, San Diego, California 92101-8700.

     On April 4, 2008, at San Diego, California, I served the following document(s) described as  on the parties in said action as follows:

    **1.**    **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GEMCO, INC.'S EX PARTE APPLICATION FOR RECONSIDERATION OF MARCH 11, 2008 ORDER DENYING MOTION TO COMPEL ARBITRATION OR DISMISS FOR IMPROPER VENUE**

    **2.**    **DECLARATION OF MICHAEL L. KIRBY IN SUPPORT OF REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GEMCO, INC.'S EX PARTE APPLICATION FOR RECONSIDERATION OF MARCH 11, 2008 ORDER DENYING MOTION TO COMPEL ARBITRATION OR DISMISS FOR IMPROPER VENUE**

☒    **ELECTRONIC TRANSMISSION:** I filed the foregoing document with the Clerk of Court for the United States District Court, using the Electronic Case Filing ("ECF") system of the Court. The attorney listed above has consented to receive service by electronic means and is registered with the Court's ECF system and was served a "Notice of Electronic Filing" sent by ECF system.

☒    **STATE COURT:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 4, 2008, at San Diego, California.

Lorri Ann Taylor

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700