Michael L. Kirby (50895)
mkirby@knlh.com
Malcolm B. Roberts (242431)
mroberts@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
350 Tenth Avenue, Suite 1300
San Diego, California 92101-8700
Telephone (619) 231-8666
Facsimile (619) 231-9593

Attorneys for Defendant GEMCO, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOND LABORATORIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GEMCO, INC., a New Jersey corporation, and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 07CV2400 IEG (NLS)<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date: June 9, 2008<br>Time: 10:30 a.m.<br>Judge: The Hon. Irma E. Gonzalez<br>Crtrm: 1 |

Defendant Gemco, Inc. ("Gemco") respectfully submits this Supplemental Brief in response to this Court's April 7, 2008 Order requesting additional briefing from Gemco on the following issue: "Assuming the arbitration provision was actually received by plaintiff or plaintiff's agent in July of 2006, how did that term become part of the contract between plaintiff and defendant?"

## 1. INTRODUCTION

The answer to how Gemco's arbitration provision became part of the contract between Plaintiff Bond Laboratories, Inc. ("Bond") and Gemco is simple – the written price quote which Gemco sent Bond on July 13, 2006, which included an arbitration provision was an offer under both basic California contract law and the California Commercial Code governing the sales of goods. Bond accepted Gemco's quote (offer) on August 11, 2006 when Bond's authorized representative, Mr. Tom Kucharski, sent Gemco's authorized representative, Stephen Lutes, an email on August 11, 2006 with Bond's Purchase Order attached for the 5 Cu Ft slant cone (the "Blender") in response to Gemco's July 13, 2006 quote. The arbitration provision was contained in Gemco's offer which Bond then accepted, without objecting to the arbitration provision or adding any conditions. Bond and Gemco thus made a contract and included in that contract was an unambiguous provision to arbitrate any and all disputes in Middlesex, New Jersey.

## 2. PROCEDURAL BACKGROUND

### A. The Court Order Denying Gemco's Motion To Compel Arbitration Has Been Withdrawn.

On January 3, 2008, Gemco filed its Motion to Compel Arbitration of the parties' disputes in Middlesex, New Jersey under their contract. The Court elected to initially resolve Gemco's motion without oral argument and entered its Order Denying Gemco's Motion to Compel Arbitration on March 11, 2008. The Court noted in that Order that it did not consider the argument raised in Gemco's Reply Memorandum of Points and Authorities in Support of Gemco's Motion to Compel Arbitration or Dismiss for Improper Venue ("Reply P&A") that Bond had actually received the Terms And Conditions,

1  including the arbitration provision, as part of a quote sent to Bond by Gemco on July 13,
2  2006, because the Court stated that it was improper to consider a new factual argument
3  raised in a reply brief. (Court Order, pg. 4, fn. 3.)
4      Since the Court refused to consider that argument and because of the time
5  deadline for filing an appeal from that order, Gemco filed an Ex Parte Application for
6  Reconsideration of the March 11, 2008 Order Denying Gemco's Motion to Compel
7  Arbitration or Dismiss for Improper Venue on March 21, 2008. The Court scheduled a
8  hearing on this matter for April 7, 2008 and heard oral argument on that date.
9      At the conclusion of the hearing on April 7, 2008, the Court (1) withdrew its prior
10 order denying Defendant's motion to compel arbitration; (2) ordered supplemental
11 briefing from Plaintiff on the Motion to Compel Arbitration; (3) set a motion hearing for
12 June 9, 2008 at 10:30 a.m.; and (4) requested that by May 12, 2008, Defendant provide
13 additional briefing on the following issue:

> Assuming the arbitration provision was actually received by plaintiff or plaintiff's agent in July of 2006, how did that term become part of the contract between plaintiff and defendant?

16 In addition, the Court's order confirmed the oral ruling on April 7 that Bond and Gemco
17 may each take up to two (2) depositions in connection with the June 9 hearing.

**B.  Gemco May Submit Excerpts From Mr. Scott Landow's Deposition Testimony In Its Supplemental Reply Brief.**

19 After counsel conferred, Gemco timely scheduled the deposition of Bond's Chief
20 Executive Officer, Scott Landow, for May 7, 2008. However, on May 5, Mr. Landow
21 canceled his scheduled deposition because Bond's counsel stated that Mr. Landow had
22 to go out of town to attend to an urgent matter on that date and for the rest of the week.
23 Gemco wanted to depose Mr. Landow before Gemco submitted this Supplemental Brief
24 on May 12, 2008 so that Gemco would not have to introduce excerpts from Mr. Landow's
25 deposition testimony in its Supplemental Reply Brief. However, because Mr. Landow
26 canceled his deposition that was scheduled for May 7, 2008, Gemco has been left with
27 no choice but to schedule Mr. Landow's deposition at a later date to accommodate Mr.

Kirby Noonan Lance & Hoge LLP
350 Tenth Avenue, Suite 1300 San Diego, California 92101-8700

Landow's schedule. As such, Gemco had advised Bond's counsel that Gemco will introduce excerpts from Mr. Landow's deposition testimony in its Supplemental Reply Brief, although that evidence will not be a surprise to Bond as its counsel will be representing Mr. Landow in his deposition.

### 3. CALIFORNIA LAW DETERMINES WHETHER BOND AND GEMCO AGREED TO ARBITRATE.

Whether Bond and Gemco agreed to arbitrate should be determined by California law because the Supreme Court of the United States has held that state law be applied to determine whether parties agreed to arbitrate. *Perry v. Thomas* (1987) 482 U.S. 483, 492, fn. 9, 107 S.Ct. 2520, 2527, fn. 9 . See *Bolter v. Superior* Court (2001) 87 Cal.App.4th 900, 906 (noting that the existence of a valid agreement to arbitrate is determined by reference to state law principles regarding the formation, revocation and enforceability of contracts generally.) See also *Chan v. Drexel Burnham Lambert* (1986) 178 Cal.App.3d 632, 640 (holding that California law governs whether an arbitration agreement has been formed.) Accordingly, California law determines whether Bond and Gemco agreed to arbitrate.

### 4. GEMCO'S QUOTE TO BOND WHICH INCLUDED THE ARBITRATION PROVISION WAS PART OF THE CONTRACT BETWEEN GEMCO AND BOND BECAUSE GEMCO'S QUOTE WAS AN OFFER WHICH BOND ACCEPTED IN ITS ENTIRETY.

The written quote that Bond's agent received from Gemco on or about July 13, 2006 which included the arbitration provision was part of the contract between Bond and Gemco because the written quote to Bond from Gemco constituted an offer which Bond accepted.

#### A. Gemco's July 13, 2006 Quote To Bond Which Included The Arbitration Provision Was An Offer.

The written quote Gemco sent Bond on July 13, 2006 to build one Blender, which included a provision to arbitrate in Middlesex, New Jersey constituted an offer. (See Declaration of Stephen Lutes filed with Gemco's Reply P&A ["Lutes Declaration", ¶7.]) Under California law, a quote may be sufficiently specific and promissory to constitute an offer to make a contract. 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §132,

pp. 171. The same rule applies under the California Commercial Code: "An offer to make a contract shall be construed as inviting acceptance in any manner and by any medium reasonable in the circumstances." Commercial Code § 2206 (1)(a).

An offer is a manifestation of willingness to enter into a bargain so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it. *In re First Capital Life Ins. Co.* (1995) 34 Cal.App.4th 1283, 1287, citing Rest.2d Contracts §24.

In this instance, Gemco's quote to Bond was specific and identified, among other things, the Blender, the total purchase price, terms of payment, and Gemco's Terms And Conditions. More importantly, Gemco's quote to Bond invited Bond to accept the quote which is evidenced by the condition in Gemco's quote offering firm pricing for the cost of the Blender for fifteen (15) days from the date of the quote. [Lutes Declaration, Exhibit A.] Because Gemco's written quote to Bond was a manifestation of Gemco's willingness to enter into a bargain with Bond and because Gemco's quote to Bond invited Bond to accept all of the terms of the quote, Gemco's quote to Bond was a valid offer under California law.

### 1) Bond Acknowledged Its Receipt Of The Gemco Quote.

Bond received Gemco's quote which contained the arbitration provision. As such, Bond's representative for the purchase of the Blender sent Gemco's Manufacturer Representative, Stephen Lutes, an email on August 8, 2006 acknowledging that "**the Gemco** 5 cu ft blender **quote is with Bond Labs management**." [Lutes Declaration, Exhibit B; emphasis added.] That reply email to Mr. Lutes not only confirms that the quote from Gemco was received by Bond's authorized representative, but it further confirms that Mr. Kucharski had forwarded it **to Bond's management**. That is a far different scenario that Bond attempted to portray in its original opposition to Gemco's Motion to Compel Arbitration.

**B.  Bond Accepted Gemco's July 13, 2006 Quote.**

Bond's acceptance of Gemco's July 13, 2006 quote is clear. An acceptance must be absolute and unqualified, or must include in itself an acceptance of that character which the proposer can separate from the rest, and which will conclude the person accepting. California Civil Code §1585.

Like any party contemplating the making of a binding contract, Bond had three alternatives under basic contract law upon its receipt of Gemco's quote: (1) choose not to respond at all, which would be the same as rejecting the offer, and no contract would result; (2) make a counter-offer which would be a rejection of the Gemco offer and give Gemco the option of accepting Bond's counter-offer, which would also mean no contract yet existed; or (3) accept Gemco's offer in its entirety. Without dispute, Bond chose the third alternative and a contract was made.

Under Commercial Code § 2207, even the proposal of additional terms in a transaction involving the sale of goods between merchants would not necessarily be a rejection of the offer. Commercial Code § 2207(1) provides:

> A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless such acceptance is expressly made conditional on ascent to the additional or different terms.

Section 2207(2) provides that: "Additional terms are to be construed as proposals for addition to the contract."

In this case it is undisputed that Bond made no attempt to offer additional or different terms from those contained in Gemco's written quote, nor did it ever expressly condition its acceptance of Gemco's quote upon certain terms in the Gemco quote being deleted or amended. For example, if Bond had responded in its purchase order with an express statement that the purchase order was conditioned upon Gemco agreeing to delete any reference to arbitration, Gemco would then have to decide whether to accept the contract as modified by such a proposal, or to conclude that no contract could be

reached. Again, that issue never arose here because the acceptance by Bond in its purchase order to Gemco was expressly based on the Gemco written quote, and did not propose to add, modify or reject any terms in the Gemco quote.

Bond's acceptance of Gemco's quote is supported by the following facts:

(1) Email dated August 11, 2006 from Tom Kucharski (Bond's representative) to Stephen Lutes (Gemco's representative) providing in pertinent part:

> "Attached is the Purchase Order for the 5 Cu Ft slant cone that you provided the quote for several weeks ago. It is from Bond Laboratories, who is my client on this project and which I am the lead contact on." [Lutes Declaration, Exhibit C.];

(2) Declaration of Scott Landow (Bond's CEO) providing that "*as a result, on or about August 11, 2006 Bond communicated to Mr. Lutes the decision to order from Gemco the Blender.*" (See Declaration of Scott Landow filed in Support of Bond's Opposition to Gemco's Motion to Compel Arbitration, or Alternatively, to Dismiss for Improper Venue ["Landow Declaration", ¶13.]), which is clearly the email communication for Mr. Kucharski referred to in (1) above.

(3) Purchase Order from Bond to Gemco dated August 11, 2006. [Landow Declaration, Exhibit B.]; and

(4) Bond's Purchase Order reflects the cost of the Blender and its payment terms in the exact same form as listed in Gemco's July 13, 2006 quote.

Without receiving Gemco's July 13, 2006 quote, Bond would not have known Gemco's specifications for the Blender, the total purchase price, terms of payment, nor Gemco's Terms And Conditions. Because Gemco's quote contained all of the foregoing information, among other things, Gemco's quote constituted a valid offer.

In response to Gemco's July 13, 2006 quote, Bond accepted Gemco's quote when its representative, Mr. Kucharski, sent Gemco's Manufacturer Representative, Stephen Lutes, an email on August 11, 2006 providing in pertinent part "attached is the Purchase Order for the 5 Cu Ft slant cone that **you provided the quote for several weeks ago.**" [Lutes Declaration, Exhibit C; emphasis added.] Thus, Bond's August 11,

2006 email to Gemco and Bond's Purchase Order dated August 11, 2006 constituted Bond's unqualified acceptance of Gemco's July 13, 2006 quote. Moreover, it confirms beyond any doubt that Bond had actually received Gemco's quote. Any suggestion that Bond never received the Terms and Conditions from Gemco is contradicted by Bond's own evidence. Finally, it is undisputed that Bond accepted and did not reject any part of the quote, or its terms and conditions, including the arbitration provision.

## 5. GEMCO'S ARBITRATION PROVISION WAS INCLUDED IN ITS JULY 13, 2006 QUOTE TO BOND WHICH BOND ACCEPTED.

### A. Gemco's Arbitration Provision Was Included In The Contract Under Its Integration Clause.

Gemco's arbitration provision is part of the contract between Bond and Gemco because Gemco's July 13, 2006 quote to Bond included the following integration clause in the Terms and Conditions:

> 17. ENTIRE AGREEMENT – The terms and conditions set forth herein, including all specification, drawings and other documents, **expressly referred to in this proposal (order), contain the entire agreement between the Buyer and Seller** and supersede all prior negotiations, agreements, understandings or arrangements between the Buyer and Seller with respect to the subject matter hereof.
> [Lutes Declaration, Exhibit A, ¶17 (emphasis added).]

This integration clause means that Gemco's Terms And Conditions, including the arbitration provision, and all other documents referred to in its July 13, 2006 quote, are a part of the entire agreement entered into between Bond and Gemco.

### B. The Arbitration Provision Reflects Mutual Intent Of Bond And Gemco At Time When The Contract Was Entered Into.

California Civil Code section 1636 provides in pertinent part that "a contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting." When Gemco sent Bond its quote on July 13, 2006, Gemco provided Bond with its offer to build the Blender according to all of Gemco's Terms And Conditions.

Bond understood that if it accepted Gemco's quote, it would also be accepting all

Case 3:07-cv-02400-IEG-NLS    Document 19    Filed 05/12/2008    Page 9 of 11

of Gemco's Terms And Conditions included in the July 13, 2006 quote, including the provision to arbitrate any and all disputes in Middlesex, New Jersey.  Arbitration agreements are to be construed like other contracts to give effect to the intention of the parties. *In re Tobacco Cases, JCCP 4041* (2004) 124 Cal.App.4th 1095, 1104.

If Bond did not agree with Gemco's Terms And Conditions after it received Gemco's July 13, 2006 quote, Bond had plenty of time (i.e. between July 13, 2006 and August 11, 2006) to reject or seek to modify Gemco's arbitration provision, but it did not do so.  Rather, Bond voluntarily accepted all of Gemco's Terms And Conditions in its July 13, 2006 quote when it sent Gemco an email with its Purchase Order attached, without any rejection or counter offer to any of the Terms And Conditions included in Gemco's July 13, 2006 quote.

California Civil Code section 1638 provides that if contractual language is clear and explicit, it governs.  The Court should attempt to give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and circumstances under which the agreement was made. *Weeks v. Crow* (1980) 113 Cal.App.3d 350, 353.

Section 17 of Gemco's Terms And Conditions clearly provides that all terms and conditions and other documents referred to in this quote are part of the entire agreement between Bond and Gemco and supersede all other agreements. [Lutes Declaration, Exhibit A, ¶17.] Therefore, because the arbitration provision was part of the quote Gemco sent on July 13, 2006 which Bond later expressly accepted without any limitation, the arbitration provision is part of the agreement between Bond and Gemco.  That arbitration provision is clear and unambiguous. Thus, Bond and Gemco are required to arbitrate any and all disputes in Middlesex, New Jersey pursuant to their written agreement.

## 6. CONCLUSION

In light of the foregoing, Gemco respectfully submits that the evidence establishes that both Bond's management and Bond's authorized representative had received Gemco's Terms And Conditions as part of Gemco's quote and accepted that quote.

1  Accordingly, this Court should order Bond to arbitrate its disputes with Gemco in
2  New Jersey pursuant to federal and California law and in accordance with the parties'
3  written agreement, or in the alternative, dismiss or transfer this action to U.S. District
4  Court for the District of New Jersey.

DATED: May 12, 2008                 KIRBY NOONAN LANCE & HOGE LLP

                                    By: /s/ Michael L. Kirby
                                    Michael L. Kirby
                                    Malcolm B. Roberts
                                    Attorneys for Defendant GEMCO, INC.

## PROOF OF SERVICE

DATE:   June 9, 2008
TIME:   10:30 a.m.
DEPT:   1
JUDGE:  Irma E. Gonzalez

<u>Bond v. Gemco</u>
United States District Court Case No. 07CV2400IEG (NLS)

    I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California. My business address is 350 Tenth Avenue, Suite 1300, San Diego, California 92101-8700.

    On May 12, 2008, at San Diego, California, I served the following document(s) described as **SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION** on the parties in said action by placing a true copy thereof in a separate sealed envelope for each addressee named hereafter, which reflects the address last given by each such addressee on any document filed in the action and served on this office.

| | |
|---|---|
| Micha Danzig (177923)<br>Juan C. Castafieda (240705)<br>Mintz Levin Cohn Ferris Glovensky &<br>   Popeo, PC<br>5355 Mira Sorrento Place, Suite 600<br>San Diego, CA 92121<br>Telephone: 858-320-3000<br>Facsimile: 858-320-3001 | Attorneys for Plaintiff Bond Laboratories, Inc. |

☒  **BY MAIL:** I am readily familiar with our business practice for collecting, processing and mailing correspondence and pleadings with the United States Postal Service. Such correspondence and pleadings are deposited with the United States Postal Service on the same day that they are placed for mailing in the ordinary course of business. I sealed each envelope and, with the postage thereon fully prepaid, placed it for mailing in accord with our business' practice. (C.C.P. § 1013(a) and (b))

☒  **ELECTRONIC TRANSMISSION:** I filed the foregoing document with the Clerk of Court for the United States District Court, using the Electronic Case Filing ("ECF") system of the Court. The attorney listed above has consented to receive service by electronic means and is registered with the Court's ECF system and was served a "Notice of Electronic Filing" sent by ECF system.

☒  **STATE COURT:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 12, 2008, at San Diego, California.

Lori Ann Taylor